# CASES ARGUED AND DECIDED

IN THE

# SUPREME COURT OF MISSISSIPPI,

AT THE

## APRIL TERM, 1885.

JENNIE B. STEWART ET AL. *v.* H. H. BROOKS.

INJUNCTION. *Against judgment without notice. Showing required.*
>  To entitle a defendant in a judgment at law to an injunction against the execution thereof on the ground that it was rendered without notice to him, he must also show that he has a valid defense to the demand upon which the judgment is founded.

APPEAL from the Chancery Court of Noxubee County.

HON. F. A. CRITZ, Chancellor.

On the 26th of July, 1883, H. H. Brooks filed the bill in this cause to obtain an injunction against the execution of a judgment recovered against him on the 8th of September, 1876, by Jennie B. Foster, now Jennie B. Stewart, and E. L. S. P. E. Kirksey, on the ground that complainant had no notice, actual or constructive, of the pendency of the suit before rendition of the judgment therein against him. The defendants answered, proof was taken, and on final hearing a decree was rendered perpetually enjoining the execution of the judgment complained of; whereupon the defendants appealed.

The absence from the bill of certain necessary allegations, the character of which is sufficiently indicated in the opinion of the court, renders immaterial any further statement of the case here.

492

·*Jarnagin & Bogle* and *L. Brame,* for the appellants, filed a brief discussing points not considered by this court, and it is therefore omitted.

*Orr & Sims,* for the appellee, filed a brief, which is omitted for the same reason as stated for omitting the brief for appellants.

COOPER, J., delivered the opinion of the court.

There is no allegation in the bill that the notes upon which the judgment at law was founded have been paid, nor are any facts stated from which it appears that any other result would follow than a judgment in favor of the appellants if a new trial is had at law. In the absence of such statements in the bill, the weight of authority is that a court of equity will not cancel the judgment at law even though it was rendered without notice to the defendant. One who seeks the interposition of a court of equity to enjoin the execution of a judgment at law must show not only the existence of those defects which warrant the intervention of the court, but also that there is a valid defense to the claim on which the judgment is founded. *Harris* v. *Gwin,* 10 S. & M. 563 ; *Gregory* v. *Ford,* 14 Cal. 138 ; *Coon* v. *Jones,* 110 Iowa 131 ; *Secor* v. *Woodward,* 8 Ala. 500 ; *Gardner* v. *Jenkins,* 14 Md. 58 ; *Fowler* v. *Lee,* 10 Gill & J. 358.

*The decree is reversed and bill dismissed.*