## H. & C. NEWMAN *v.* WALTER W. TAYLOR.

1. PRACTICE.   *Judgment without notice.  How set aside.*

   A judgment in the circuit court, rendered without service of process, may be set aside, upon motion in said court, by merely showing such want of notice.   *Meyer* v. *Whitehead*, 62 Miss., 387.

2. VOID JUDGMENT.   *Injunction.   Chancery.   Full relief.*

   Chancery court will relieve against judgments obtained without notice, but, instead of granting a new trial at law, will take full cognizance of the cause, and do justice between the parties.   *Hale* v. *Bozeman*, 60 Miss., 965.

3. SAME.   *Injunction.   Complainant must do equity.*

   If a defendant, against whom a judgment at law has been rendered without service of process, seeks relief in the chancery court, he must show, not only the want of notice, but that he has a good defense to the action. He must do equity.   *Stewart* v. *Brooks*, 62 Miss., 492.

4. SAME.   *Compromise with agent.   Authority must be shown.*

   In such case it will not be sufficient for complainant to show, as a defense to the action at law, that, before the same was begun, an agent and an attorney of plaintiff had accepted certain choses in action in full settlement of the demand, unless it be shown that they had authority to make such settlement, or that plaintiff had ratified it.

FROM the chancery court of Issaquena county.
HON. W. R. TRIGG, Chancellor.

Appellee, Walter W. Taylor, filed this bill, in 1887, to vacate a judgment by default, rendered in 1884 at the return-term, against him in the circuit court of Issaquena county, in favor of appellants, H. & C. Newman, for $2,292.47.   The bill alleges that the judgment is void, because there was no service of summons on complainant, the defendant in said action; that he had no notice of any kind of the pendency of the action, and did not appear; that, before said suit was brought, he

had fully paid and satisfied the demand of the plaintiffs, and held a receipt therefor, which he exhibited with the bill.

Defendants demurred to the bill, and, the demurrer being overruled, answered, denying its material allegations, and especially denying that complainant had paid the debt, or that he held a receipt signed by any one authorized to act for defendants in making a settlement, or to give such receipt.

Complainant, Taylor, testified that he was indebted to defendants, in 1882, in the sum above mentioned, and that he settled in full with one Wilkinson, attorney of defendants, by turning over to him a certain lot of notes and mercantile accounts, which Wilkinson selected and accepted in settlement, giving complainant a receipt in full for the debt, signed "H. & C. Newman, by A. J. Wilkinson, agent and attorney." This receipt was exhibited. He also testified that he was not summoned in the action in the circuit court, and knew nothing of it until after judgment was rendered. He also produced in evidence a letter written to Wilkinson, authorizing him to select accounts offered by Taylor, in full settlement of the debt. This letter was signed "H. & C. Newman, by Worms;" also a letter to Wilkinson, of similar purport, signed "H. & C. Newman, W." Complainant also exhibited a letter to himself, signed "S. E. Worms, representing H. & C. Newman," notifying him that the claim had been placed in the hands of Wilkinson, as attorney, for collection.

Worms was examined as a witness by complainant, and testified that, at the time the letters were written, he was in the employ of H. & C. Newman, as traveling agent, to solicit cotton shipments, and make collections; that he had no special authority to write the letters to Wilkinson or to Taylor; that he did not consult H. & C. Newman about the matter, and that he had no knowledge of the settlement made with Taylor.

The summons was lost from the files and the records in the offices of the circuit clerk and the sheriff did not show that the summons in action against Taylor had been served upon him.

These are the material facts. The decree of the court was in favor of complainant, enjoining the execution of the judgment at law, and defendants, H. & C. Newman, have appealed.

*Miller, Smith & Hirsh,* for appellants.

1. If the service on defendant in the action at law was constructive, the judgment by default at the return-term was a nullity, not calling for interposition of the chancery court. If the return on the summons was false, the remedy was by writ of error *coram nobis.* The remedy in the circuit court was ample.

2. It devolves on complainant to show a meritorious defense. The only defense is payment. It is not claimed that payment was made in money, and it is not shown that Wilkinson or Worms had authority to compromise the claim. They had no implied authority. *Rice* v. *Troup,* 62 Miss., 186. There is no evidence of any ratification by H. & C. Newman.

*James R. Yerger,* for appellee.

1. A judgment, void for want of notice, may be enjoined and vacated in equity. *Duncan* v. *Gerdine,* 59 Miss., 550; 14 Smed. & M., 205; 64 Ala., 162; 33 Ark., 778.

2. Complainant showed a complete defense, and that, on a new trial, he would recover. *Cotton* v. *Hiller,* 52 Miss., 7.

3. Equity having assumed jurisdiction, no reversal can be had because the remedy was at law. Const. 1890, § 147.

Cooper, J., delivered the opinion of the court.

The appellee, against whom a judgment at law had been rendered without notice, could have secured relief by motion in the law court, upon the trial of which it would only have devolved on him to show that no service of process had been made on him. *Meyer Brothers* v. *Whitehead,* 62 Miss., 387.

Instead of resorting to the court of law, he has applied to chancery for relief, and, being in a court of equity, finds

himself subjected to the operation of the equitable maxim that " he who seeks equity must do equity," by reason of which, it was incumbent on him to show not only that the judgment at law was void, but that he has a good defense to the suit. *Stewart* v. *Brooks,* 62 Miss., 492.

Under the old practice in chancery, the rule was to award a new trial at law, but since the extension of the power of relief in courts of law, this jurisdiction has become practically obsolete. 3 Pom. Eq., 1365.

Courts of equity yet relieve against judgments obtained by fraud, accident or mistake. This relief is not now by granting a new trial at law, but the court of equity will take full and final jurisdiction, so as to do complete justice between the parties. *Hale* v. *Bozeman,* 60 Miss., 965.

The complainant was entitled to relief only upon condition of showing that he had a valid defense against the claim on which the judgment was rendered. This he failed to do, for it is not shown to have been within the apparent scope of the agency of Wilkinson, by whom the settlement of the debt was negotiated, or of that of Worms, by whom Wilkinson was directed to act, to bind the defendants, H. & C. Newman, by such settlement; nor is it shown that they subsequently were informed of and ratified the same.

The complainant stopped a little short of proving his case; but, since injustice may be done by rendering a final decree here, we will remand the cause, with leave to all parties to take further proof.

*The decree is reversed, and cause remanded.*