WALKER-DURR COMPANY v. CORA MITCHELL ET AL.

[52 South. 583.]

EQUITY.   *Injunction.   Restraining void judgment.   Complainant must do equity.*

The sureties on a tenant's replevin bond cannot enjoin a judgment rendered thereon in the landlord's favor against them and the tenant, even if the judgment be void, where, by reason of having acquired agricultural products subject to the landlord's claim for rent, they justly owe the landlord the amount of the rent for which the judgment was rendered and make no offer to pay him, since "he who seeks equity must do equity."

FROM the chancery court of Simpson county.

HON. SAMUEL WHITMAN, JR., Chancellor.

The Walker-Durr Co., appellant, was complainant in the court below; Mrs. Mitchell and others, appellees, were defendants there.   From a decree in defendants' favor the complainants appealed to the supreme court.   The facts as stated by ANDERSON, J., were as follows: —

"This is a bill to enjoin execution of a judgment of the justice of the peace for $100 and costs, by the appellants, Walker-Durr Company and others, against Mrs. Cora Mitchell, the plaintiff in the judgment, and the justice of the peace who rendered the judgment, and the sheriff who had the execution for levy, the appellees.   The court below rendered a decree in favor of the

appellees, dissolving the injunction, and for the amount of the judgment sought to be enjoined, with interest and cost and attorney's fees. The controlling facts, about which there is no controversy, are as follows:

"Mrs. Cora Mitchell rented some land to Hugh Bass for the year 1906, for which Bass agreed to pay her one thousand pounds of lint cotton. Bass subrented the land to Jack and Hosea Griffin. In the fall Jack Griffin sold two bales of cotton raised on Mrs. Mitchell's land to Walker-Durr Company in payment of a debt he owed them and for which they had a deed of trust on his crop. The Walker-Durr Company was a mercantile corporation. Mrs. Mitchell, hearing of the removal from leased premises and sale of this cotton, sued out an attachment for rent against Hugh Bass before a justice of the peace. The justice of the peace deputized one Lee, who was not an officer, to execute this writ. He levied the same on some seed cotton on the leased premises and on the two bales of cotton bought by the Walker-Durr Company; and the latter, for the purpose of retaining the cotton in their hands and releasing the seed cotton from the levy of the writ, signed a replevin bond as surety for the tenant, Hugh Bass, and accordingly the attachment was released. This bond was returned into court, and at the time fixed for trial the tenant, Hugh Bass, appeared and consented to judgment, and the justice of the peace thereupon rendered judgment against Bass, the tenant, and Walker-Durr Company, the surety on his replevin bond, for the amount of the rent, $100, and costs. From this judgment an appeal was taken to the circuit court, and by the circuit court dismissed, and a writ of *procedendo* awarded.

"Walker-Durr Company allege in their bill that they owed Mrs. Cora Mitchell nothing, and the judgment was void because the writ of attachment was levied by Lee, who was not a constable or other officer authorized to levy such writ, having been

appointed specially so to do without authority of law, and because judgment was rendered against W. M. Durr as surety on replevin bond, when in fact he was not a surety, and because the replevin bond was void and did not bind Walker-Durr Company. There is no dispute about the fact that the two bales of cotton bought by the Walker-Durr Company, and the other cotton on which the attachment was levied, were raised on Mrs. Mitchell's place, and the rent was unpaid, and that she had a landlord's lien on all the cotton, and the value of one thousand pounds of lint cotton, agreed to be paid as rent, was $100."

*W. M. Lofton,* for appellant.

*Hilton & Hilton,* and *J. B. Sullivan,* for appellees.

[The briefs of counsel in this case could not be found by the reporter, hence synopses of them are not given.]

Argued orally by *W. M. Lofton,* for appellant, and by *R. T. Hilton,* for appellee.

ANDERSON, J., after stating the facts as above, delivered the opinion of the court.

The decree of the court below must be affirmed, even though the levy of the attachment writ, the replevin bond, and the judgment sought to be enjoined are void (which we do not decide). The equitable maxim that "he who seeks equity must do equity" applies. It was incumbent on Walker-Durr Company to allege in their bill and prove that they had a valid defense to the demand on which the judgment was founded. This they failed to do. It is alleged, but not proven. On the contrary, the evidence indisputably shows that they purchased from the tenant cotton raised on the leased premises of sufficient value to pay

the rent, thereby under the law becoming indebted to the landlord, Mrs. Mitchell, for the amount of such rent, which is the demand on which the judgment is founded. They will not be permitted to invoke the aid of a court of equity and at the same time withhold from Mrs. Mitchell the value of the cotton in their hands, due her for rent. *Stewart v. Brooks,* 62 Miss. 492; *Newman v. Taylor,* 69 Miss. 670, 13 South. 831.

*Comenitz v. Bank,* 85 Miss. 662, 38 South. 35, does not overrule the *Stewart* and *Newman cases, supra.* This question was not decided in that case.

*Affirmed.*