MOLPUS *v.* BOSTIC LUMBER & MANUFACTURING COMPANY.

[71 South. 16.]

1. JUSTICE OF THE PEACE. *Jurisdiction. Residence of defendant. Validity of judgment. Restraining enforcement.*

   A justice of the peace is without jurisdiction of a cause against a resident of another district where the debt was contracted and the liability incurred, and which had a justice qualified to act, and a judgment by default in such case was void.

2. JUSTICE OF THE PEACE. *Jurisdiction. Judgment. Restraining enforcement.*

   Where lands of the debtor are levied upon under execution from a void judgment the purchaser of such land from the debtor need not show a good defence to the original action, in order to restrain the sale under such execution.

APPEAL from the chancery court of Lauderdale county. HON. SAM WHITMAN, Chancellor.

Suit by Mrs. M. J. Molpus against the Bostic Lumber & Manufacturing Company. From an order sustaining a demurrer to the bill, complainant appeals.

The facts are fully stated in the opinion of the court.

*W. L. Scott,* for appellant.

That the judgment is void, cannot be denied successfully in the light of section 2724, Code of 1906, in part as follows: "But every freeholder or householder of the county shall be sued in the district in which he resides, if there be a justice (of the peace) acting therein and qualified to try the suit, or in the district in which the debt was contracted, the liability incurred, or in which the property may be found." Also *Turner* v. *Lilly,* 56 Miss. 576; *Heggie* v. *Stone,* 70 Miss. 39, 12 So. 253; *Hilliard* v. *Chew,* 76 Miss. 763, 25 So. 489; *Nation* v. *Lovejoy,* 25 So. 494, to the effect; *Hilliard* v. *Chew,* Ib. "A judgment by default on personal service before a justice of the peace in a different district than that in which the defendant is a resident, freeholder, or householder, and in

which the debts were contracted, and in which there is an acting justice of the peace qualified to try the action, is void.''

Now as to the duty owing by complainant to Bostick, Lumber & Manufacturing Company, defendant, she (complainant) shows and it is admitted that her resources, after wasting, his own, and that in May, 1913, he owed her the handsome sum of two thousand, seven hundred and fifty-five dollars, while at the same time, the Bostick Lumber and Manufacturing Company had such a claim against him as amounted to two hundred, seven and fifty-one-hundredths dollars. Also that at one time she had furnished her son money to pay this debt but he would not, so he was sued by the Bostick Lumber & Manufacturing Company, who knew the law and knew that in order to obtain a valid judgment, it must bring its suit in the proper justice district, but nevertheless it elects to bring suit against him in a district other than that of his residence where the debt was contracted and where there was an acting justice, qualified to try same, and it takes a void judgment as a result thereof, to which she is not a party or privy by any means at all with either party, and in which she has no voice whatever, which void judgment is at once enrolled. Five days later she procures a conveyance to herself of the interest of her son in and to the land in question, taking a warranty deed to same which is at once recorded, which land according to the bill which is admitted lacks two hundred and fifty-five dollars of being worth as much as her *bona fide* debt against him. Her debt is admittedly valid, her right to collect cannot be denied. Self preservation is the first law of nature. *Cary-Haliday Co.* v. *Cain,* 13 So. 239. ''The law requires good faith, but it does not pronounce it bad faith for one to look after his own interests and protect them, requiring only, in doing so, that he must not do anything in fraud of other creditors.'' *McAllister* v. *Honea,* 14 So. 264.

"That a conveyance in honest payment of a real debt is brought about by the action of the other creditors in pressing their claims, does not make it fraudulent. For a real debt, a conveyance may be made, even though other creditors are pressing. *Ferguson et al* v. *Oxford Merc. Co.,* 27 So. 877.

"That a bank holding a claim against an insolvent corporation induced its stockholders to fill vacancies in its board of directors, in order that it might authorize a sale of its property to the bank to pay its debts, and took advantage of its proximity to the corporation to prefer its claim, did not invalidate such transfer, as against other creditors of the corporation. It seems to have used this advantage as it had the legal right to do, and no doubt the other creditors would have made the same use of the same advantage in collecting." *Graham* v. *Morgan,* 35 So. 874.

"During the pendency of an action against him, a husband can convey property to his wife, if no fraud can be proved. If it is in payment of a *bona fide* debt and for a debt that is actually in amount equal to the value of the property conveyed, although it is probable that the property would not be so conveyed if it were not for the suit then pending, this is no evidence of fraud, and under uniform decisions of our court, he has a right to prefer creditors."

As said in the last case cited, it may be that the property would not have been conveyed to complainant at this time, but for this suit pending (or the attempted institution of same), be that as it may, she had the right to collect her debt.

Under these decisions she evidently had the unqualified right to collect her *bona fide* debt, even though in doing so, she rendered it likely that the corporation could not collect its debt, but she had the right to look to her own fences, so long as she acted in good faith, and *bona fide,* which the bill shows she did, and which is admitted by the demurrer.

*Sams & McCall* and *Baskin & Wilbourn,* for appellee.

The first question to be considered is whether or not the judgment in favor of the *Bostick Lumber & Mfg. Co.* v. *C. L. Molpus* taken in the justice court was valid or void. The justice court had jurisdiction both of the persons and the property. The suit was had upon a promissory note executed in Meridian, Mississippi, by C. L. Molpus to the Bostick Lumber & Mfg. Co., April, 1909, payable at the Citizen's Nat'l Bank of Meridian, Mississippi., November 15, 1909. Said note provided for eight per cent interest per annum after maturity and provided for a reasonable attorney's fees if suit should be instituted to enforce payment thereon. The amount of the note came within the jurisdiction of the justice court and the note was made payable in Meridian, Mississippi, in district, one, of Lauderdale county, said state. Therefore, the court had jurisdiction both of the person and the amount involved. A judgment by default was taken by the plaintiff on said note May 26, 1913.

More than ten days after the date of the rendition of said judgment, a motion was filed by C. L. Molpus, defendant, to set aside said judgment as being void, on grounds that the suit should have been filed in Beat 5, instead of Beat 1. The record shows that personal service was had on the defendant more than five days before the judgment was taken. Said judgment was a good and valid judgment and was not subject to attack by the defendant, on said motion.

"Judgments are not merely *prima facie* evidence of their validity, but conclusive; and the parties to them are estopped by the record from denying their obligatory force, where the jurisdiction of the court appears by the record." (*Anderson Miller, et al* v. *Samuel Ewing, et al.* 8 Sm. & M. 421, *et seq.*) 5 Sm. & M. 210; 8 Sm. & M. 505; George's Digest, page 9437, section 15; 6 Sm. & M. 485; 41 Miss. 561; 2 G. 119-578; 2 G. 704-687; 2 G. 290; 2 H. 727-902.

"The record being the sole embodiment of the judicial proceedings, no other materials or utterances, oral or written, can be set up in competition with it. The law requires the record to be complete, and when it so purports to be on its face in law it is complete, and it is not subject to inpeachment. A party to be affected by the record, and desiring it to be complete before it is signed by the judge, but the exercise of ordinary care can see to it that it is correctly made up, and if he fails to do so he cannot afterwards complain. *Childress* v. *Carley,* 92 Miss. 573 and 574.

The record of the judgment was complete and showed jurisdiction in the justice court and the justice of the peace correctly overruled the motion of the defendant to dismiss the judgment, the judgment being complete on it's face, showing jurisdiction.

The complainant (appellant herein) came into the court of equity, seeking relief from the equity court and failed to offer to do equity. This, of course, was not countenanced by the chancery court and the demurrer to her bill was sustained. "He who seeks equity must do equity." (*Walker-Durr & Co.* v. *Mitchell,* 52 So. 583); also, "one who seeks the interposition of a court of equity to enjoin the execution of a judgment at law must show not only the existence of those defects which warrant the intervention of the court, but also that there is a valid defense to the claim on which the judgment is founded." (*Stewart* v. *Brooks,* 62 Miss. page 493, and the cases therein cited.)

The appellant failed, in her bill of complaint, to conform to the requirements of the above established principle of law cited, and for this reason, the demurrer was sustained by the chancery court.

In conclusion, we respectfully submit, that the judgment in the justice court in favor of *Bostick Lbr. & Mfg. Co.* v. *C. L. Molpus* was valid because the court had jurisdiction of the person and the subject-matter, as shown by it's records, and was not subject to attack by parole tes-

timony as shown by the authorities first above set out. 1. Record of the justice court imports verity and cannot be attacked by parole testimony. 2. The chancery court correctly sustained the demurrer of appellee herein to bill of complaint of appellant herein, and his action is justified by the last two cases sighted above, to-wit: *Walker-Durr & Co.* v. *Mitchell,* 52 So. 538; *Stewart* v. *Brooks,* 62 Miss. 493.

We respectfully submit that the decree of the lower court should be affirmed.

SYKES, J., delivered the opinion of the court.

Appellant here (complainant below) filed an original bill in the chancery court of Lauderdale county against the appellee (defendant), seeking to enjoin the sale of certain lands therein described under an execution issued upon a judgment obtained in a justice of the peace court in Meridian against the son of complainant. The bill alleges, in substance, that the appellant purchased the lands for a valuable consideration from her son after the above judgment was enrolled against him, but before the execution thereon was issued. She alleges that the judgment was void because the suit was filed in district N. 1 of Lauderdale county, when the defendant (her son) was a resident citizen of district No. 5, and was a freeholder and householder of said district, and that the debt was contracted and all the liability incurred in said district No. 5; also that at the time her son was sued in district No. 1 there was a justice of the peace acting and duly qualified to try the suit in said district No. 5. The bill of complaint followed section 2724 of the Code of 1906 as to these allegations, and shows that the justice of the peace of district No. 1 had no jurisdiction to try said cause. A judgment was taken by default in said suit. A demurrer was sustained to the bill upon two grounds. The first is that the justice of the peace had jurisdiction, and that the judgment sought to be enjoined is therefore

valid; second, that complainant, while seeking relief in equity, has failed to offer to do equity; that before she can maintain her bill in this case it was necessary for her to show that there is a valid defense to the claim on which the judgment in the justice of the peace court was founded.

As to the first proposition, this court has held under practically a similar statement of facts that a judgment obtained as this was, is a void judgment and may be perpetually enjoined. The court in part says:

"As the justice of the peace of district No. 4 did not acquire jurisdiction of the cause of action between the parties, the judgment againts Chew was void, and the decree giving him a perpetual injunction against it is approved." *Hilliard* v. *Chew*, 76 Miss. 765, 25 So. 489.

Defendant relies upon the cases of *Stewart* v. *Brooks*, 62 Miss. 493, and *Walker-Durr Co.* v. *Mitchell*, 97 Miss. 231, 52 So. 583, to maintain the proposition that it devolved upon complainant to state facts in her bill showing a valid defense to the claim on which the judgment was obtained. The case of *Stewart* v. *Brooks*, in 62 Miss., was where Brooks filed the bill for an injunction against the execution of a judgment recovered against him. He failed to allege that the notes upon which he was sued had been paid, or that he had a good defense to them. In the case of *Walker-Durr & Co.* v. *Mitchell*, in 52 So. a bill to enjoin the issuing of an execution on a judgment was filed by the Walker-Durr Company against Mrs. Mitchell and others. The material facts in that case were that Mrs. Mitchell had rented some land to one Hugh Bass, and the two Bales of cotton raised on this land, upon which Mrs. Mitchell had a landlord's lien, were sold to the Walker-Durr Company. An attachment was sued out by Mrs. Mitchell, and these two bales of cotton were levied upon. Thereupon the Walker-Durr Company signed the replevin bond of the tenant sued. Judgment was duly rendered in favor of the landlord and against the defendant and Walker-Durr Company as surety for

the amount of one hundred dollars. In its opinion the court in part said:

"It was incumbent on Walker-Durr Company to allege in their bill and prove that they had a valid defense to the demand on which the judgment was founded."

In the present case, however, the complainant was not a party to the suit in the justice of the peace court against her son. At that time she was simply a creditor of her son just as was the defendant in this case. Her son had a perfect right to sell his property to her for a valuable consideration. By purchasing same she in no way became responsible to this defendant or to any other creditor for any debts due them by her son. Since the judgment in this case is absolutely void, there was no lien whatever on the property bought by complainant from her son. In the two cases relied upon by the defendant there was a claim of a debt against each of the parties who filed his bill for an injunction; consequently it was necessary for them to allege in said bill facts showing that the debt was not a valid one against them before they could have any standing in a court of equity. In this case, however, the complainant was neither directly nor indirectly responsible for any debt due by her son to the defendant in this case.

*Reversed and remanded.*