WELCH *v.* HANNIE.

[72 South. 861.]

1. JUSTICE OF THE PEACE. *Review. Presumptions. Costs. Security. Waiver. Jurisdiction. Default. Judgment. Validity. Damages. Writ of inquiry. Execution. Injunction. Appeal.*

In a suit before a justice of the peace where the defendant made a motion for security for cost and plaintiff's attorney stated that he would be responsible for the cost and no further action was taken upon the motion, and judgment was entered for plaintiff, on appeal to the supreme court from a decree enjoining execution on the judgment, that court will presume that the statement of counsel was accepted by defendant.

2. SAME.

In such case it was the duty of defendant if he so desired, to have the court to pass upon his motion for security for cost and his failure to do so was a waiver of his rights.

3. JUSTICE OF THE PEACE. *Jurisdiction. Default judgment. Validity.*

A judgment by default in an action before a justice was not rendered void because while it was pending he suspended business in his court room to sit as one of the committing justices for an alleged crime occurring in his district, though by agreement the committing trial was had in another district.

4. JUSTICE OF THE PEACE. *Judgment. Default. Validity.*

When in an action before a justice of the peace, 'it was agreed that the case could not be tried until Wednesday afternoon this

did not amount to an agreement to try the case in vacation, and the court being in session on Wednesday afternoon, the justice had full and complete jurisdiction to dispose of it at that time or not, and it being the duty of defendant to have informed himself that the term was still in session and to have ascertained what would be done with his case, a default judgment rendered on Thursday morning when the case was reached in due course was not void.

5. JUSTICE OF THE PEACE. *Judgment. Validity.*

In a suit before a justice of the peace for unliquidated damages, the irregular introduction of plaintiff's testimony by statement of his counsel that the testimony was the same as in a previous trial and the justice being judge both of law and the facts, the failure to introduce testimony as to the amount of damages, were defects which rendered a default judgment irregular and voidable, but not void, and the irregularity can only be taken advantage of by appeal or writ of *certiorari.*

6. DAMAGES.. *Writ of inquiry.*

In an *ex delicto* case there is no necessity for the issuing of a writ of inquiry in a trial before a justice of the peace because under our law, unless a jury is called for, the justice of the peace passes upon the question of liability, and at the same time upon the question of the amount of damages, and it is only necessary when judgment is taken by default to introduce testimony as to the damages.

7. EXECUTION. *Injunction.*

An injunction should not be granted by the chancery court to prevent the issuing of an execution based upon a judgment at law unless the facts show the clearest and strongest reasons for the interposition of the courts of chancery.

8. JUSTICE OF THE PEACE. *Appeal. Time of taking.*

Since in our state there is no such thing as a justice of the peace having the right to grant a new trial, the defendant against whom judgment by default is rendered should perfect his appeal within the time allowed by law after the rendition of the judgment.

9. EXECUTION. *Injunction. Default judgment. Pleading and proof.*

Before a court of chancery will take jurisdiction to enjoin an execution based upon a default judgment at law, the complainant must allege in his bill and prove, if the fact be denied, that he has a good and meritorious defense to the action at law. It is incumbent upon the complainant to set out in his bill, and also prove the fact showing such defense. It is not enough that he merely allege the conclusion of law of such defense.

APPEAL from the chancery court of Hinds county. HON. O. B. TAYLOR, Chancellor.

Suit for injunction by J. G. Hannie against C. Welch. From a decree for complainant, defendant appeals. The facts are fully stated in the opinion of the court.

*Louis C. Hallam,* for appellant.

*Alexander & Alexander,* for appellee.

SYKES, J., delivered the opinion of the court.

The appellant, C. Welch, on or about the 19th day of March, 1915, filed a suit against J. G. Hannie, appellee, in the court of F. M. Featherston, justice of the peace of supervisor's district No. 1 of Hinds county, for damages for assault and battery and actionable words in the sum of two hundred dollars. On April 6th there was a trial had before a jury resulting in a mistrial. The case was then continued to the next regular court day, which was Tuesday, April 20th. A day or two before the regular court day Mr. Hannie called the justice of the peace over the telephone and stated that he would have to be absent from Jackson on the 20th inst., and requested that his case be not tried on that day. The justice of the peace told Mr. Hannie that he had a large docket, and it would be impossible for his case to be reached before Wednesday, the 21st, and that for that reason he would not call his case before that time. There was also an agreement between attorneys representing both parties that the case would not be called before Wednesday, April 21st. The business before the justice of the peace kept his court open all day Tuesday, and on Wednesday, the 21st, in the discharge of his duties, he was called upon to sit as one of the magistrates in a committing trial for an alleged murder committed in his justice of the peace district. For the convenience of all parties this preliminary hearing was held in the circuit court room. For this trial the justice of the peace went from his

courtroom in district No. 1, across Capitol street, in the city of Jackson, to the courthouse, which is in district No. 2, and is about one city block from the office of the justice of the peace. The justice of the peace was kept busy in this committing trial all day Wednesday. Wednesday afternoon he had the deputy sheriff to go over to his office and state to all parties having business in his court that the same would be continued until Thursday morning. During Wednesday afternoon the plaintiff and his counsel and the counsel for the defendant were in the courtroom on several different occasions. There was also an attempt to settle the case between counsel, which resulted in nothing. The defendant, Mr. Hannie, was not present Wednesday afternoon, and his counsel attempted to agree upon a continuance with counsel for plaintiff. The plaintiff, however, himself insisted upon a trial of his case whenever it could be reached, and his counsel so informed counsel for defendant. At 9 o'clock Thursday morning the justice of the peace resumed the pending business of his court, and about that time the plaintiff appeared and demanded a trial. Neither the defendant nor his counsel were present in court. The case was then taken up by the justice of the peace, and the attorney for plaintiff announced to the justice that the plaintiff's evidence was the same as that introduced at the first trial. Whereupon the justice of the peace stated that he remembered the evidence, and that he would give judgment for the plaintiff in the sum of two hundred dollars. The judgment reads as follows:

"This cause having been tried at a former court day of this court, when a mistrial was entered, and having been continued from Tuesday, April 20, 1915, the next succeeding civil court day of this court after said mistrial was had, the business of the court requiring that the court should be held from day to day, and the same having been continued to the next day, April 21, 1915, at the request of the defendant and by agreement,

and on April 21, 1915, the business of the court still requiring it, the court ordered that this cause be, and the same was, continued to the next day, April 22, 1915, at 9 o'clock a. m., and at that time, to wit, at 9 o'clock a. m., came the plaintiff in his own proper person and by attorney, and announcing ready for trial, the defendant, J. G. Hannie, being called in open court, answered not, but wholly made default, it was therefore on motion of plaintiff, judgment is rendered against defendant by default; and, this being an action in tort for damages, the court thereupon issued a writ of inquiry to assess the damages, and the same having been executed, the court, having heard the evidence adduced by the plaintiff is of the opinion that said damages should be, and the same are hereby, assessed at the sum of two hundred dollars. It is therefore by this court ordered and adjudged that the plaintiff, C. Welch, do have and recover of and from the defendant J. G. Hannie, the full sum of two hundred and all costs of court for all of which let execution issue.''

The defendant filed a motion for a new trial, which motion was taken under advisement by the justice of the peace and by him overruled on May 5, 1915, or over ten days after the rendition of the judgment. An appeal bond was immediately filed and approved by the justice of the peace, and a transcript of the record certified to the circuit court.

The plaintiff, Welch, shortly after the rendition of the judgment, procured an abstract of it, and had the same enrolled in the office of the circuit court clerk, and had the clerk issue execution thereon.

The defendant, Mr. Hannie, then filed a bill in the chancery court of Hinds county against Mr. Welch praying that Welch be enjoined from having an execution issue on this judgment, and praying also for a temporary injunction pending the hearing of the case. A temporary injunction was granted, and on final hearing the same was made perpetual by the chan-

cellor, from which judgment or decree this appeal is prosecuted.

The petition alleges that the judgment . against the appellee, Hannie, is absolutely void, and assigns therefor, first, that the plaintiff's case should have been dismissed by the justice of the peace of his own volition, because plaintiff failed to give security for costs in accordance with the motion filed by the defendant. The facts as to this motion have not been set out above, and are in brief as follows: A motion for security for costs was duly made by the defendant, and when it was called in court one of the counsel for the plaintiff stated that he would be responsible for the costs, whereupon no further action was taken upon the same. This court therefore presumes that this statement of counsel was accepted by the defendant. It was the duty of the defendant, if he so desired, to have the court pass upon this motion, and his failure to do so constituted a waiver of his rights under it.

It is next contended that the judgment is void because the justice of the peace suspended the pending business in his courtroom in district No. 1 and sat as one of the committing justices in the courthouse, which is situated in district No. 2. The facts are, however, that the alleged crime occurred in districe No. 1, and that this was regular business before this justice of the peace coming up at this time in his court. No complaint whatever could be made if the justice had tried this case in his district, and it makes no difference to this complainant whether the trial took place in district No. 1 or by agreement in district No. 2, since it was regular business before this justice of the peace.

It is also contended that the judgment is void because the case had been set by agreement for Wednesday, April 21. Counsel for complainant contend that this was an agreement to set and try the case in vacation. However, they are mistaken as to the extent of the agreement. There was nothing whatever said either

between the justice of the peace and the defendant, Hannie, as to whether the case would be tried in term time or in vacation, except the inference from the statement of the justice, nor between the two counsel for plaintiff and defendant, who agreed on the trial of the case for Wednesday afternoon. The effect of the agreement was simply that the case could not be tried before Wednesday afternoon. When Wednesday afternoon came it so happened that the regular court of the justice of the peace was in session, and he then had full and complete jurisdiction to dispose of the case at this term or not, just as he saw fit. It was the duty of the defendant to have informed himself that this term of the court was still in session, and to have ascertained what would be done with his case.

It is next contended that the judgment is void because it is a suit for unliquidated damages, and that there was no writ of inquiry issued by the justice of the peace to assess these damages, and no testimony introduced as to the amount of the same.

The testimony in this case shows that on Wednesday, the day on which the case was set for trial in the justice of the peace court, the defendant's counsel notified the justice of the peace that he wanted a jury to try the case. On Thursday morning, however, neither the defendant nor his counsel appeared in court; consequently there was no reason or necessity for the justice of the peace to impanel a jury. Upon the statement of counsel for the plaintiff that the testimony he had to offer was the same as that offered in the previous trial, the justice replied that he remembered the testimony perfectly, and would render judgment for the plaintiff. It is true that this is an informal and irregular way to introduce testimony. It is also true that, in a suit for unliquidated damages being tried before a justice of the peace as both the judge of the law and the facts, testimony should be introduced as to the amount of damages. However,

these are merely defects which render the judgment irregular or voidable and not void, and which defects can only be taken advantage of by an appeal, or under certain circumstances by writ of *certiorari.* The judgment rendered in this case upon its face appears entirely regular. In an *ex delicto* case there is no necessity for the issuing of a writ of inquiry in a trial before the justice of the peace, because under our law, unless a jury is called for, the justice of the peace passes upon the question of liability, and at the same time upon the question of the amount of damages, and it would be entirely unnecessary for the justice of the peace to first pass upon the question of liability, and then issue a writ of inquiry to himself to assess the amount of damages in the case. It is only necessary to introduce testimony showing the damages when the default judgment is taken. The practice in the justice of the peace court in this respect is different from that in the circuit court, and is so recognized by the statutes relating thereto. At best for the appellee, the reasons assigned in his bill, if proven, would only make the judgment irregular or erroneous, which could only be corrected by appeal.

"It is well settled that, where a court in which a judgment or decree is rendered has jurisdiction of the subject-matter and of the parties, equity has no jurisdiction to enjoin such judgment or decree for errors or irregularities in the proceedings leading thereto or in the judgment or decree itself, and it is altogether immaterial that the judgment or the decree was unjust, or that the error was such as to warrant a new trial. So it is likewise immaterial that the judgment was rendered by default." 16 Am. & Eng. Encl. of Law (2d Ed.), p. 389.

The rule is well settled that an injunction should not be granted by the chancery court to prevent the issuing of an execution based upon a judgment at law unless

the facts show the clearest and strongest reasons for the interposition of the court of chancery.

"Applications for relief in chancery against judgments at law will at all times be viewed with close scrutiny, and an injunction to prevent the enforcement of such judgment will not be granted except upon facts which show the clearest and strongest reasons for the interposition of chancery. That court will not entertain a party seeking relief against a judgment which has been rendered against him in a court of law in consequence of his default in regard to steps which might have been successfully taken in the court of law, unless some reason founded in fraud, surprise, or some adventitious circumstances beyond the control of the party be shown to excuse such default." 16 Am. & Eng. Encl. of Law (2d Ed.), p. 374.

In our state there is no such thing as a justice of the peace having the right to grant a new trial; consequently the defendant should have perfected his appeal within the time allowed by law after the rendition of the judgment; *Morris* v. *Shryock & Rowland,* 50 Miss. 590.

It is well settled law in this state that before a court of chancery will take jurisdiction in a matter of this character the complainant must allege in his bill and prove, if the fact be denied, that he has a good and meritorious defense to the action at law. It is incumbent upon the complainant to set out in his bill, and also to prove, the facts showing such defense. It is not enough that he merely allege the conclusion of law of such defense. *Newman* v. *Taylor,* 69 Miss. 670, 13 So. 831; *Stewart* v. *Brooks,* 62 Miss. 492; *Walker-Durr Co.* v. *Mitchell,* 97 Miss. 231, 52 So. 583; 16 Am. & Eng. Encl. of Law (2d Ed.), p. 386.

In the petition of complainant he alleged the conclusion of law that he had a good and meritorious defense to the action at law, but he failed to state any facts showing what this defense was. The answer of

defendant put in issue this proposition. In his testimony the attorney of complainant merely stated that the complainant had a good and meritorious defense to the action at law, but failed to state the facts showing what this defense consisted of. This was but a legal conclusion of the attorney, and was not admissible as testimony. We therefore conclude that the plaintiff failed to allege and prove the essential fact, viz: that he had a good and meritorious defense to the action at law.

The decree of the lower court is reversed, the injunction dissolved, and the bill dismissed.

*Reversed.*

POTTER, J., being disqualified, took no part in this decision. By agreement, SYKES, J., sat with Division B.