L. MOHR & SONS *v.* TATE ET UX.

[78 South. 544, Division B.]

1. JUDGMENT. *Cancellation. Evidence. Sufficiency.*
   Under the facts set out in its opinion the court held that the evidence was not sufficient to warrant a cancellation of a judgment against a garnishee on the ground that it was taken while he relied on a statement of plaintiff's counsel that it was not necessary for him to answer.

2. SAME.
   In such case the burden of proof was on the garnishee to show by clear and convincing evidence the charges of fraud relied upon by him for setting aside the judgment.

APPEAL from the chancery court of Pearl River county. HON. D. M. RUSSELL, Chancellor.

Bill by M. D. Tate and wife against L. Mohr & Sons. From a judgment for plaintiffs, defendants appeal.

The facts are fully stated in the opinion of the court.

*J. E. & W. W. Stockstill,* for appellant.

*Parker & Shivers,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

The appellees, M. D. Tate and wife, filed a bill in the chancery court to enjoin the execution of a judgment rendered against them in a justice's court as garnishees, on the ground that the judgment was procured by fraud. It is contended that, when Tate and wife were garnished in said suit, they called the attorney of L. Mohr & Sons over the phone and stated that they were not indebted to the defendant in the judgment, and asked if it would be necessary to appear in court and make answer thereto, and that the attorney stated that it would not be necessary, if that was the fact. It was also alleged that afterwards, and before the rendition of judgment, Tate saw the attorney for Mohr & Sons, in Picayune, and had a personal conversation, in which said attorney represented that it would not be necessary to appear and answer said writ of garnishment, or make answer thereto. It is further alleged that they relied upon said representation and did not appear, and the judgment was fraudulently taken against them; that they did not know of said judgment until several months after it was rendered, when L. Mohr & Sons wrote Tate a letter, requesting information as to whether he would pay the judgment without execution, and thereupon he ascertained that said judgment had been rendered, and filed this suit enjoining the same. The defendants, appellants here, answered the bill and denied all the material allegations thereof.

On the hearing, M. D. Tate, who was sheriff of his county, and B. B. Breeland, his deputy, testified for the complainant. Tate testified that he called W. W. Stockstill, attorney for appellants, over the phone from the sheriff's office in Poplarville, to Picayune, Miss., and that Stockstill represented that it would not be necessary for him to appear and answer. He testified, further, that about the 19th or 20th of January he was in

Picayune to make a settlement with the depository, and, while there, met Mr. Stockstill and had a personal conversation with him, in which Stockstill stated that it would not be necessary for him to appear and answer the writ.

Mr. Breeland testified to hearing Mr. Tate call over the phone and talk to some one about the matter, and that he could hear Tate's part of the conversation about the garnishment in question.

Mr. Stockstill was introduced for the defendant, and testified that he made no such statement to Mr. Tate, and had no conversation with Mr. Tate with reference to the matter, denying positively of having either of said conversations with Mr. Tate, or making any representation to him about the matter, whatever.

The telephone operators at Poplarville and Picayune were introduced by the defendants, and the records of the telephone company showed no call from Tate to Stockstill.

The judgment on the garnishment was taken on the 22d of January, and on the 27th following Mr. Stockstill received a letter signed with Mr. Tate's name, reading as follows:

"Poplarville, Miss., January 27, 1916. Mr. J. E. Stockstill, Picayune, Miss.—Dear Sir: In reference to the inclosed attachment would say that I put the writ in my pocket and forgot all about it on that day. However, we do not owe Mr. Powell anything. Yours truly, M. D. Tate. MDT—BB"

With the letter was inclosed the copy of the writ of garnishment served upon Tate.

Mr. J. E. Stockstill testified that he was in the legislature in January, 1916, as a representative, and that about the 18th of January, the day of the Governor's inauguration, or the day preceding, Mr. Tate saw him and started to talk about the garnishment, and felt in his pocket to get the writ, but did not have it, and stated

that he had left the writ with Bruce Breeland, his depu-
ty; that he told Mr. Tate that he had better answer the
writ; that he (Stockstill) was in the legislature and was
not attending to business, and that his brother, W. W.
Stockstill, was attending to his business; that Tate ask-
ed him to write his brother in reference to the matter,
but that he told him he might forget to do that, and
that he had better answer the writ.

Another brother of J. E. Stockstill testified that he
was a drug clerk in a drug store in the same building
in which J. E. Stockstill had his office, and that he did
not receive any conversation over the phone from Mr.
Tate for his brother.

Mr. Tate was asked, on cross-examination, as to his
whereabouts on the 19th and 20th of January, and stated
that he was probably in his office, but that, if he had
a call to go out of town, he may have gone out of
town. In other words, he did not postively state where
he was on either of said days.

On this conflict of the evidence the chancellor found
for the appellees, complainants below, and entered an
order cancelling the judgment. While we are reluctant
to reverse the chancellor's finding of facts, we are satis-
fied that the proof in this case does not measure to the
standard of clearness and force necessary to set aside
and cancel a solemn judgment. The burden of proof
was on the complainant below to show by clear and con-
vincing evidence the charges of fraud relied upon. We
think the weight of evidence was with the defendant.
The complainant was contradicted, not only by W. W.
Stockstill and J. E. Stockstill, but contradicted in refer-
ence to one of the claims of conversations by the records
of the telephone company. He is also contradicted, and
the defendants' testimony corroborated, by the letter
above referred to, which tends clearly to show that the
matter was forgotten until after the judgment was rend-
ered. It is true that Tate testified he did not authorize

this letter to be written, but he admits it was signed by his deputy, and he also admits that his deputy attended to various correspondence for him. The proof in this case falls short of the standard of force and clearness required to overturn the judgment. The cause will be reversed, with directions to the court below to dismiss the bill and enter proper judgment for the defendants on the injunction bond, with such damages as may have been sustained.

Reversed and remanded, with directions to dismiss, etc.

*Reversed and remanded.*