MASONITE CORPORATION *v.* STOCKMAN *et al.*

(Division B. Feb. 23, 1931. Suggestion of Error Overruled. April 6, 1931.)

[132 So. 555. No. 29251.]

Deavours & Hilbun and Welch & Cooper, all of Laurel, for appellant.

Collins & Collins, of Laurel, **F. C. Hathorn**, of Poplarville, and **Currie & Currie**, of Hattiesburg, for appellees.

Argued orally by **Henry Hilbun**, for appellant, and by **N. T. Currie** and **Jeff Collins**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

The appellees herein, eleven in number, and each a separate riparian owner of lower lands on Tallahala creek in Jones county, brought their separate actions at law against appellant for damages on account of the alleged pollution and poisoning of said stream by appellant; and it is charged by the bill herein that many other riparian owners are preparing to institute similar separate actions at law.

Appellant thereupon exhibited its bill in equity against appellees, praying that the court of chancery take juris-

diction of said actions, and combine them into one suit for the prevention of a multiplicity of actions, the bill being bottomed upon the theory that the wrongs complained of by appellees are continuing in their nature. An injunction was granted on the bill. Appellees demurred and moved to dissolve on bill and demurrer. On the hearing the demurrer was sustained, and leave was offered appellant to amend its bill, which leave was declined. Thereupon the court dissolved the injunction and awarded damages.

It is a familiar and well-settled principle in our jurisprudence "that before a court of chancery will take jurisdiction in a matter of this character the complainant must allege in his bill . . . that he has a good and meritorious defense to the action at law. It is incumbent upon the complainant to set out in his bill . . . the facts showing such defense. It is not enough that he merely allege the conclusion of law of such defense." Welch v. Hannie, 112 Miss. 79, 87, 72 So. 861, 863, Ann. Cas. 1918C, 325; 32 C. J., pp. 320, 321. It would appear as axiomatic that, unless, in fact, there is a valid defense to the law actions, there could be no available equity in an application to chancery to restrain those actions. In recognition of this principle and as a gesture towards compliance with it, appellee inserted in its bill the following paragraph: "Complainant is advised and believes and upon such information and belief alleges that it has a valid defense to the actions at law as above set out, and to any other similar actions at law that may be brought against it on account of its alleged defilement and pollution of said stream."

The quoted paragraph contains every word that is found in the bill in relation to the defense to the said actions at law; and that it states nothing but a legal conclusion would seem to be too plain to require discussion. 10 Ency. Pl. & Pr. pp. 925-927; Griffith Chan. Prac.

secs. 175, 446. And since the bill fails at this point, the other questions argued by counsel do not come into view.

Affirmed.