WALKER, Justice, for the Court:
The appellee, Southern Colonel Mobile Homes, Inc., hereinafter referred to as Southern, filed a bill to enjoin the execution of a judgment at law in the Chancery Court of the Second Judicial District of Jones County, Mississippi. After a hearing, the chancery court entered its decree enjoining the execution of said judgment. The appellant, Game Moseley, appeals to this Court.
On February 4, 1977, Moseley purchased a new mobile home from Southern. After the mobile home was set up on Moseley’s property, it was discovered that the mobile home was defective. Moseley then contacted Southern about these defects, and not getting any response employed the services of an attorney.
On May 31, 1977, Southern received a letter from Gene Tullos, the attorney representing Moseley. This letter advised Southern of Moseley’s claim against it. The claim was based on the alleged defects in the mobile home. Gordon Bostic, the president and principal stockholder of Southern immediately telephoned Mr. Tullos. As a result of their conversation, Mr. Bostic obtained a list of the areas of the mobile home which Moseley claimed needed repair. Trying to perform these repairs satisfactorily, repairmen from Southern’s manufacturer, Champion Home Builders, made service calls in April, June and July of 1977.
Later, in August 1977, Moseley filed a declaration against Southern in the Circuit Court of Smith County, Mississippi, seeking damages because of the defects in the mobile home. After service of process on August 9, 1977, the president of Southern, Gordon Bostic, immediately contacted Moseley’s attorney again in an attempt to resolve the litigation. Bostic testified that Tullos advised him that he was interested in the mobile home being repaired. Bostic then had' service personnel of the mobile home manufacturer do additional work on the mobile home on October 1, October 4, October 20, and October 21, 1977. Work orders were signed by Moseley each of which stated that the repair done under the work order on the mobile home was satisfactory. When Bostic obtained a copy of the last work order, he called Tullos and informed him that Moseley had signed work orders stating that the repairs had been done satisfactorily. Bostic testified that Tullos replied to the effect that if this were so, everything would be taken care of.
Moseley testified that he signed the work orders for work that had been performed, although not performed satisfactorily. He testified that there was other work to be performed that was not done. Moseley stated that the mobile home had still not been repaired properly and that after October 21, 1977, no one from Southern contacted him until July 1978. Moseley further testified that Southern never requested the lawsuit be dismissed and Moseley never advised him that it would be dismissed.
On April 20, 1978, a default judgment was taken against Southern in the Circuit *409 Court of Smith County, Mississippi. This judgment was in the amount of $10,000. Southern learned of the default judgment on July 27, 1978, and then brought this action in Chancery Court seeking to have execution of the Smith County judgment enjoined. Southern alleged it was prevented from presenting a defense to the circuit court action by the misrepresentations of Moseley and his attorney and that it had a meritorious defense to said suit.
The chancellor rendered his opinion and found that during the course of conversations between the attorney for Moseley and Bostic, the question of repairs to the mobile home was discussed; that an effort was made to repair said mobile home and that work orders were signed by Moseley stating that the work performed had been performed to the satisfaction of Moseley. The court further found that taking all the evidence together in the conversations between the attorney for Moseley and Bostic would lead a reasonably prudent man to believe that the matter would be disposed of without a judgment being taken. However, the chancellor specifically found that there was not any attempt on the part of the attorney for Moseley to mislead anyone. But, it was the court’s opinion that the execution of the judgment ought to be enjoined .and a new trial granted so that all issues might be heard before the proper court.[1]
Thereafter, a final decree was entered on November 3, 1978, permanently enjoining execution upon the default judgment rendered in Suit Number 3678 in the Circuit Court of Smith County on April 29, 1978. From that final decree, this appeal was taken.
Moseley assigns as error on the part of the lower court and as a basis of this appeal, the following:
(1) The court erred by granting an injunction where there was no evidence of fraud, accident or wrongful act on the part of appellant.
(2) The court erred by granting an injunction where the carelessness and negligence of Southern caused its failure to defend the suit at law.
(3) The court erred by granting an injunction when Southern did not allege or prove a meritorious defense to the action at law.
It is well settled law in this State, that one seeking the aid of a court of equity to enjoin the execution of a judgment at law, and to have awarded him a new trial, must first prove that he was prevented from defending the suit at law by fraud, accident or wrongful acts of the opposite party. This principle is well stated in Griffith, Mississippi Chancery Practice section 440 (2d ed. 1950), as follows:
In those suits for new trials it became thoroughly established in this state that our courts of equity would not grant relief after a judgment at law when the remedy at law was fully adequate and might have been made available by proper skill and vigilance;—that after a trial at law a party will not be aided by a court of equity unless he clearly show (sic) grounds of which he could not have availed himself at law, or was prevented from so doing by fraud or accident or wrongful act of the opposite party, or by something the equitable equivalent thereof, . . (Emphasis added).
In the case at bar, the evidence offered by Southern was that its president, Gordon Bostic, had discussed the matter over the telephone with Moseley’s attorney; and, that as a result of these conversations, Mr. Bostic was under the impression that if work on the mobile home had been completed satisfactorily the lawsuit would be dismissed. Bostic further testified that Moseley’s attorney never actually told him the *410 suit filed in circuit court would be dismissed or that it had beeii dismissed. Game Moseley testified that Bostic never mentioned the circuit court action to him and the record also discloses by the testimony of Mrs. Moseley that Mr. Bostic never discussed the lawsuit with her.
Southern, in support of the holding of the chancellor, claims that the actions of Moseley and his attorney were misleading and tantamount to fraud or the “equitable equivalent” thereof. However, it should be pointed out that the chancellor specifically found that there was no attempt on the part of the attorney for Moseley to mislead anyone.
In Welch v. Hannie, 112 Miss. 79, 72 So. 861 (1916), a judgment was rendered in justice court against Hannie in favor of Welch. Hannie nor his attorney were present in the justice court at the time this judgment was rendered. Appeal was taken to the circuit court. Shortly after the rendition of the judgment of the justice court, Welch had the same enrolled in the office of the circuit clerk and had the clerk issue execution thereon. Hannie filed a bill in chancery court to enjoin the execution pending hearing of the case in circuit court. This injunction was granted. In reversing the decision of the chancery court, this Court observed:
The rule is well settled that an injunction should not be granted by the chancery court to prevent the issuing of an execution based upon a judgment at law unless the facts show the clearest and strongest reasons for the interposition of the court of chancery.
“Applications for relief in chancery against judgments at law will at all times be viewed with close scrutiny, and an injunction to prevent the enforcement of such judgment will not be granted except upon facts which show the clearest and strongest reasons for the interposition of chancery. That court will not entertain a party seeking relief against a judgment which has been rendered against him in a court of law in consequence of his default in regard to steps which might have been successfully taken in the court of law, unless some reason founded in fraud, surprise, or some adventitious circumstances beyond the control of the party be shown to excuse such default.” 16 Am. & Eng. Enel, of Law (2d Ed.), p. 374. (112 Miss. at 86-87, 72 So. at 863).
In L. Mohr & Sons v. Tate, 117 Miss. 606, 78 So. 544 (1918), the appellees filed a bill in chancery court to enjoin the execution of a judgment rendered against them in a justice court as garnishees on the ground that the judgment was procured by fraud. Ap-pellees in that case alleged that when garnished, they called appellant’s attorney and stated that they were not indebted to the defendant in the judgment, and asked if it would be necessary to appear in court and make answer thereto, and that the attorney stated that it would not be necessary, if that was the fact. It was also alleged by appellees that they saw appellant’s attorney who advised that it would not be necessary to appear or answer the writ of garnishment. It was further alleged that appellees relied upon said representations and did not appear and the judgment was fraudulently taken against them. The appellant denied all these allegations. After a hearing, the chancellor found for appellees and entered an order cancelling the judgment. In reversing the decision of the lower court, this Court held:
While we are reluctant to reverse the chancellor’s finding of facts, we are satisfied that the proof in this case does not measure to the standard of clearness and force necessary to set aside and cancel a solemn judgment. The burden of proof was on the complainant below to show by clear and convincing evidence the charges of fraud relied upon. . . . The proof in this case falls short of the standard of force and clearness required to overturn the judgment. (117 Miss. at 609-610, 78 So. at 545).
In the case sub judice, where the only evidence by Southern was that Bostic, its president, was under the impression that the work on the mobile home was being completed satisfactorily for Mr. Moseley, *411 and that the case would be dismissed fell far short of reaching the standard of force and clearness required to establish fraud or the “equitable equivalent” thereof so as to overturn a solemn judgment of a court of law.
Another element a party must prove in order to enjoin the enforcement of a judgment at law is that the result of the court of law was not caused by inattention or negligence on the part of the complainant. Griffith, Mississippi Chancery Practice section 440 (2d ed. 1950), quoted earlier, states: “. . . and all this unmixed with any inexcusable fault or negligence on the part of the complainant or his agents. .” Gordon Bostic, president of the Southern Colonel Mobile Homes, Inc., testified that he was served with process in the circuit court action in August 1977; that he never consulted an attorney regarding said lawsuit; never contacted the circuit clerk of Smith County or anyone connected with the court; never went to the courthouse in Raleigh, Mississippi; and did not appear in court on the return day of the summons or to any subsequent term.
The circuit court action remained on file from August 1977 until final judgment was rendered on April 20, 1978. During that interim period, Mr. Bostic testified that he went to Raleigh, Mississippi on several occasions, but that he never went to the circuit clerk’s office in order to determine the status of the suit pending against Southern. According to Mr. Bostic’s own words, he “didn’t take it seriously enough.”
The lack of affirmative action on the part of Southern in the case at bar is similar to the carelessness and negligence described by this Court in Roots v. Cohen, 12 So. 593 (Miss.1893). Justice Woods in writing the opinion of the Court stated:
It is perfectly settled that one seeking the aid of a court of equity to enjoin the execution of a judgment at law, and to have awarded him a new trial, must show these two things: (1) That the judgment sought to be enjoined was not attributable to his own negligence; and (2) that if a trial shall be granted, a different result will be reached.
1. In the case at bar the appellant were (sic) grossly negligent. There was daily communication by rail and by water between Memphis, their place of residence, and Rosedale, the place where the judgment was rendered, and neither of appellants ever attended at all. Not only this, but they never took any steps to procure the attendance of their witnesses, resident in Mississippi. Receiving a letter on the 16th of March from their attorney at Rosedale, to the effect that the case would be tried on the 18th of March, they wired him that it would be impossible to get their witnesses by the day named, because of a break in one of the levees of the Mississippi river. Receiving no response to this telegram, the appellants sat supinely down, neither wrote, telegraphed, nor went to Rosedale, the place of trial of their case, though they might have gone in person in 18 hours, at any time, if they cared to give any attention to their litigation. The term of the court lasted two weeks, the judgment was only taken on the Thursday of the second week, and appellants only appeared after the adjournment of the court. The carelessness is inexcusable; the negligence gross. (12 So. at 593-594).
In the case at bar, Southern’s president went to Raleigh, Mississippi, on several occasions, the place where the judgment was rendered, but never attended court. Three terms of court elapsed before judgment was rendered, and Southern only appeared after the adjournment of court when it brought this action in chancery court.
From Bostic’s own testimony it was demonstrated that he did not take the action against Southern in circuit court seriously and, because of this lack of ordinary diligence, it has precluded itself from resorting to the chancery court for relief. This being the case, it has no standing in a court of equity. Had Southern exercised proper diligence, the court of law afforded it an ample remedy by way of defense. Public interest demands that no one should be *412 afforded the relief of one court over another due to his own inexcusable fault.
A third element a party must prove in order to enjoin the enforcement of a judgment at law is that he has a meritorious defense to the action at law, and that if a new trial were granted, a different result would be reached. Griffith, Mississippi Chancery Practice section 440 (2d ed. 1950), quoted above concludes by stating:
. and that in addition the complainant must aver the facts which show a meritorious defense to the action at law, and coming with clean hands, must do or tender equity with his bill; and every one of these requisite principles is in full force at this day.
In Southern’s “Bill to Enjoin Execution of Judgment at Law,” it alleged that it had a good and valid defense to the circuit court action. Southern further set forth its answer to the declaration filed by Moseley. The answer of Southern was a general denial of the declaration and, by way of an affirmative defense, alleged that all defects complained of in the declaration had been repaired to Game Moseley’s satisfaction. At the trial of this cause, Southern introduced the work orders signed by Moseley as the only substantive proof of its meritorious defense. These signed work orders only recited that the repairs made under that order were satisfactory. On the other hand, there is testimony by Moseley that although he signed the work orders, there were other defects which needed repair, but were never repaired.
In Welch v. Hannie, supra, this Court citing Walker-Durr Co. v. Mitchell, 97 Miss. 231, 52 So. 583 (1910), held:
It is well settled law in this state that before a court of chancery will take jurisdiction in a matter of this character the complainant must allege in his bill and prove, if the fact be denied, that he has a good and meritorious defense to the action at law. It is incumbent upon the complainant to set out in his bill, and also to prove, the facts showing such defense. It is not enough that he merely allege the conclusion of law of such defense. (112 Miss. at 87, 72 So. at 863).
Not only is a party required to allege and prove a meritorious defense to the action at law, before the relief may be granted, it must also be shown that if a trial were held a different result would be reached. Roots v. Cohen, supra. In the case at bar, there is no high degree of certainty that in a new trial Southern could successfully defend the suit of Moseley. The testimony of appellants and appellee would be in violent conflict, as appears from the proof adduced at the hearing, and a new trial might properly result in a second verdict for appellants. Having also failed to meet this additional burden, Southern was not entitled to the relief it was awarded by the chancery court.
All three elements discussed above must exist and be proven before the relief sought may be granted. We are satisfied that the proof in this case does not measure up to standards established by this Court which must be met in order to set aside and cancel a solemn judgment at law.
We would point out that the law does not look with favor upon one court interfering with the execution of judgments of another court of equal jurisdiction as are circuit and chancery courts; and, it is better practice to seek relief in the court which rendered the judgment complained about. A circuit court has jurisdiction to set aside its judgments which were obtained by fraud and it does not matter that the term of court has ended and that the minutes have been finally signed.
The decree of the lower court is reversed, the injunction dissolved, and the bill dismissed.
REVERSED, INJUNCTION DISSOLVED, AND BILL DISMISSED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.

. In accordance with principles already stated, when an injunction is issued to stay proceedings at law or to prohibit the enforcement of a judgment the court of chancery takes full jurisdiction and will proceed to a determination of the entire case, and unless the bill is framed to that end it is a rare exception that an injunction will issue at all. (Griffith, Mississippi Chancery Practice section 441 (2d ed. 1950)).