### Board of Sup'rs of Forrest County *v.* Steele.

[86 South. 810, No. 21473.]

Judgment. *Justices of the peace. Mandamus. Judgment written on slip of paper no judgment; writ directing supervisors to pay judgment of justice ineffectual where judgment not entered.*

A mandamus issuing from the circuit court, directing the board of supervisors to pay an alleged judgment of a justice of the peace, is ineffectual, where it appears that the alleged judgment was not entered upon the docket of the justice of the peace. A judgment written on a slip of paper is no judgment. A justice of the peace court is a court of record.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

Petition for mandamus by J. J. Steele against the board of supervisors of Forrest county. Judgment for petitioner, and defendant appeals. Reversed and dismissed.

*H. Cassedy Holden,* for appellant.

Oral proof is not admissible to prove a judgment alleged to have been rendered by a certain court. *Mandeville* v. *Stockett,* 28 Miss. 398; *Root* v. *McFerrin,* 37 Miss. 17; *Moody* v. *Harper,* 38 Miss. 599; *Shirley* v. *Fearne,* 33 Miss. 653; *Phillips* v. *Cooper,* 50 Miss. 722; *Cason* v. *Cason,* 31 Miss. 578; *Aron* v. *Chaffe,* 72 Miss. 159, 17 So. 11.

A judgment must be proved by the record itself or by a certified copy except in the case of loss or destruction of the record it cannot be proved otherwise than by the original or by a duly authenticated copy. But a judgment recovered from an inferior court may be proved by memoranda of the magistrate upon his docket, and by the production of the original papers in the case, verified by the testimony of the magistrate, if these when taken together show clearly all the essential parts of a valid judgment and no actual record has been made. 10 R. C. L., par 329.

The court committed error in admitting the oral testimony of Mr. Fairley concerning the rendition of the judgment by him. This judgment could have been proved only by the record or docket of Mr. Fairley, and such record and docket, properly identified and authenticated, were not produced in evidence on the hearing of the petition.

*Cephus Anderson,* for appellee.

There was no dispute of facts, the whole matter standing without contradiction and at the hearing upon the petition for mandamus, it was agreed that the only issue was one of law, the question being whether the judgment as rendered by the justice of peace, J. G. Fairley, was a valid judgment under the law and whether his conduct in handling this judgment would not make it null and void.

At the hearing before the circuit court all the witnesses having been introduced, it was decided and ordered that under the rule laid down by *Nettie E. Swain* against *P. N. Guilder* in 61 Mississippi, page 667 : "1. A judgment by the justice of the peace will be upheld although the record shows a failure of the justice to perform the clerical duty of entering formal, final judgment. 2. Judgment taken before justices of peace are to be liberally construed because of the unlearned character of men who frequently fill that office, and because the justice, in entering the judgment, is performing a purely clerical duty. 3. If it sufficiently appears that every act has been found which is necessary to give a right to the party to have a judgment entered, and the entry made was intended as a final act of court in applying the law to the fact, nothing remaining but the clerical duty of entering up final judgment which was ignorantly left undone, then the judgment, however irregular, informal or defective, will be upheld."

The testimony in this case before the court shows plainly that Justice J. G. Fairley had rendered the judgment as set out in this case and that the justice ignorantly failed to paste same in the face of his docket but instead hung this judgment on a hook or file and overlooked the pasting of the judgment in his docket until after he had gone out of office, which was one week from trial date, but the books had been transferred into the hands of the incoming justice of peace.

The justice of peace J. G. Fairley identified and produced this judgment and there was no question as to that being the judgment introduced at this trial and the case was fought out upon whether or not this judgment was a good judgment.

The court sustained the objection to Mr. Fairley, stating in direct examination whether or not he understood that he was fulfilling the law or not in this case. In the case of *Holley* against *The State,* of 74 Mississippi, page 879, the same question arises as to the justice of peace entering his judgment upon the docket. This case of Holley against The State bases its decision upon the case of *Lunen-*

*berger* against *The State,* 74 Miss. 379 and quotes: "That it is not error, at least not reversible error, for a justice of peace to perform the mere clerical act of entering the judgment on his docket after the cause had been tried, even after the court had adjourned."

There is no particular mode prescribed for the transfer of cause by the justice courts, and great liberality is necessarily allowed to the justice of peace courts in the matter of pleading and practice. This principle as quoted above is requoted and brought forward in the case of *Simpson* v. *Boykin,* in 79 Southern, page 852, decided in the year 1918.

This point is also made very clear and the distinction between rendering of the judgment and the placing of same on the docket is made very clear in 15 Ruling Case Law, par. 10, under the head of judgments, beginning on page 577, also sections 11, 14, 15, 16, 18, 23 and 26.

The question therefore, arises that if Steele has a good and valid judgment then the petition for mandamus and relief prayed for, was rightfully granted, and if any irregularity of the justice of the peace could be allowed to defeat justice in the matter of merit like the above cause, from beginning to end, then any small oversight or act of the justice could and would be used to defeat the object of the courts in all matters.

I therefore contend that Judge Hall's ruling is wholly within keeping with the law, the facts, and circumstances of this cause.'

SAM COOK, P. J., delivered the opinion of the court.

The appellee began this suit by a petition for a mandamus commanding the board of supervisors to issue a warrant for the payment of an alleged judgment against the appellant rendered by a justice of the peace. The board pleaded the general issue.

In his petition Steele averred that he had presented to the board of supervisors of Forrest county his claim for damages by reason of the loss of two cows which died as a

result of being dipped; that the said claim was not allowed, and payment thereof was denied. Further, the petitioner averred that after the refusal of the board to pay the said claim he filed his action thereon against Forrest county in the justice of the peace court of J. G. Fairley, and that after a trial in said court he obtained a judgment for the sum of one hundred and ten dollars; that this judgment was rendered on December 23, 1919. The petition further alleged that the board of supervisors failed to pay the said judgment, and failed to appeal therefrom; that he presented his claim by reason of said judgment to the board of supervisors at the January, 1920, meeting, and the board refused to pay the said claim. Wherefore petition prayed the court for a writ of mandamus, etc.

The proof offered by the appellee was oral, and was to the effect that a summons was issued and served on the president of the board; that the county attorney appeared for the county, and a judgment was rendered against the county and a claim for the payment of the same was presented to the board and was rejected. Without going into further details of the evidence, it is sufficient to say that it was entirely oral, except the style of the case and appearance.

It appears that the justice of the peace heard the evidence, and announced from the bench orally that he would find for the plaintiff. It also appears that no judgment was entered upon the docket by the justice of the peace, and that there was no entry upon the docket indicating that a summons was served. There is no conflict in the evidence upon the single fact that no judgment was entered against the board of supervisors upon the docket of the justice of the peace. The so-called judgment was written by the attorney for the plaintiff upon a slip of paper, and the justice hung it upon a file in his office, intending to paste it upon his docket, but forgot it, until after his term had expired and his docket was in the hands of his successor. The style of the case was entered upon the docket—that was all. So, was a valid judgment in

existence when the sole evidence of same was written up-on a slip of paper? The justice of the peace court is a court of record, and the evidence of its judgments must be found upon his official docket, if the docket is in ex-istence, and a memorandum or copy of an intended judg-ment is not a judgment, at least so long as the official docket can be produced. The docket was produced in this controversy, and no judgment appears in it. Code of 1906, section 2726.

We need go no further.

The judgment of the trial court will be reversed, and the cause dismissed.

*Reversed and dismissed.*