STRICKLAND *et al. v.* WEBB *et al.*\*

(Division B. Nov. 19, 1928. On Suggestion of Error Feb. 4, 1929.)

[120 So. 168. No. 27367.]

422

*Corpus Juris-Cyc References: Justices of the Peace, 35CJ, section 3, p. 452, n. 33; section 116, p. 545, n. 80; Equity, 21CJ, section 151, p. 172, n. 13; Judgments, 34CJ, section 695, p. 442, n. 27; section 768, p. 489, n. 18; Justices of the Peace, 35CJ, section 3, p. 452, n. 33; section 116, p. 545, n. 80; On application of maxim that "he who seeks equity must do equity," see 4 R. C. L. 512; 1 R. C. L. Supp. 1155; 6 R. C. L. Supp. 257.

See, also, 118 So. 831.

*H. F. Jones,* for appellants.

*C. M. Murphy*, for appellees.

PACK, J. This is an appeal from the chancery court of Humphreys county. Appellant appealed from the decree of the chancellor sustaining a demurrer and dissolving an injunction granted on the *ex parte* petition of complainant. The essential facts are these: E. G. Webb, appellee here, sued E. S. Nolen on an action in replevin in the justice of the peace court. Nolen executed a forthcoming bond for the property, with S. R. Strickland as surety. The matter was heard before M. S. Hicks, justice of the peace, in November, 1927, who pronounced judgment in favor of Webb, plaintiff in that court. Nolen appealed to the circuit court, the appeal being returnable at the February, 1928, term. In the circuit court it was discovered that the justice of the peace had failed to certify his record of the case according to our statutes. The defendant there, appellant here, voluntarily dismissed the appeal. The term of office of Mr. Hicks expired January 1st. His docket was delivered to the circuit clerk. Mr. Hicks, former justice of the peace, failed to enter a judgment on his docket—in fact, made no entry thereon except the names of the parties to the suit. In

March thereafter, appellee procured Mr. Hicks, then out of office, to go to the clerk's office, and there enter the judgment that he should have entered during his term of the office and when he tried the case. Appellee then had the clerk of the circuit court to issue an execution on the judgment thus entered, returnable before another justice of the peace. Appellants obtained an injunction restraining appellee and the officers from enforcing the alleged judgment. Appellees answered the bill, and also filed a demurrer challenging the sufficiency of the bill, and moved to dissolve the injunction thereon.

On the hearing the chancellor sustained the demurrer, dissolved the injunction, and granted an appeal to settle the principles of the cause.

The principal question presented for decision is the authority of the justice of the peace to enter a judgment in March after his term of office expired January 1st. Stated in another way: Having failed to enter a judgment prior to the expiration of his term of office, was there a valid judgment?

In our state the court of the justice of the peace is a court of record. Section 2726, Code of 1906 (Hemingway's Code of 1927, section 2380), provides:

"Every justice of the peace shall keep a well-bound book, styled 'Docket,' in which he shall enter the names of the plaintiff and defendant in any suit brought before him, and the character of the suit; the time of issuing process and when returnable, and a copy of the return made thereon by the officer; the time of filing the defendant's set-off, if any; the appearance or default of parties summoned to appear; the date and amount of the judgment; the execution when issued, and a copy of the return thereon; the appeal, when and by whom demanded, and all the proceedings before him touching the suit; and he shall make like entries of all proceedings of a criminal nature before him heard and determined. And it shall

be the duty of a justice, when required, to furnish to either party a certified copy of such proceedings, and of all papers and process relating thereto.''

In *Ball* v. *Sledge,* 82 Miss. 747, 35 So. 214, it was held that the transcript of a justice of the peace court must show a judgment. In *Board of Sup'rs of Forrest County* v. *Steele,* 124 Miss. 340, 86 So. 810, this court, speaking through Justice Cook, said:

''There is no conflict in the evidence upon the single fact that no judgment was entered against the board of supervisors upon the docket of the justice of the peace. The so-called judgment was written by the attorney for the plaintiff upon a slip of paper, and the justice hung it upon a file in his office, intending to paste it upon his docket, but forgot it, until after his term had expired and his docket was in the hands of his successor. The style of the case was entered upon the docket—that was all.''

The court held this not to be a valid judgment.

It is contended by appellee that the mere act of entering the judgment was not a judicial act, but merely a clerical or ministerial act, which the former justice of the peace could perform any time before or after his term expired. It is not necessary here to pass upon his authority to make the entry prior to the expiration of his term. When the justice of the peace ceased to hold office, he ceased to have any control over his docket, and was without authority to enter judgment therein. Judgments so entered are signed by the justice of the peace in his official capacity. He has no more authority to enter and sign judgments after his term expires than would a stranger.

In *Harmon* v. *Magee,* 57 Miss. 410, in passing upon the validity of an acknowledgment written up and signed ten months after the appearance of the vendor, this court held:

''The judicial act has been performed when she has made and the officer has received her separate acknowl-

edgment. The memorial of it, the making up of the record, so to speak, which follows afterwards, is a ministerial or clerical act, and, where the rights of third persons have not intervened, may be done at any time while the officer remains in office.''

Appellee is not without authorities supporting his contention; among these are *Holt* v. *Holt,* 107 Cal. 258, 40 Pac. 390; *Tracy* v. *Beeson,* 47 Iowa, 155; Freeman on Judgments (5 Ed.), pp. 115 and 207.

We think the cases of *Board of Sup'rs of Forrest County* v. *Steele, supra,* and *Harmon* v. *Magee, supra,* are precedents which bind us to the contrary view, and hence we hold that the former justice of the peace was without authority to enter the judgment.

The judgment of the court below will be reversed, and the cause remanded.

*Reversed and remanded.*

### On Suggestion of Error.

Ethridge, P. J. In the opinion rendered in this case on a former day of this court, we reversed the case, holding the judgment to be void, because the justice of the peace's term had expired before he entered the judgment upon his docket. We are entirely satisfied with the opinion then written, so far as it deals with the question presented by the appeal; but certain grounds of the demurrer were not noticed in that opinion, and on the suggestion of error we have re-examined the questions, and have decided that the bill does not sufficiently show a defense to the claim upon which the alleged judgment was founded, and that it does not offer to do equity.

As both of these matters were set up in the demurrer, and as the bill, in our judgment, is insufficient in its allegations as to them, under the authority of *Welch* v. *Hannie,* 112 Miss. 79, 72 So. 861, Ann. Cas. 1918C, 325, *Walker-Durr* v. *Mitchell,* 97 Miss. 231, 52 So. 583, and Griffith's Chancery Practice, p. 465, the suggestion of error must

be sustained, the judgment of the chancery court affirmed, and the cause remanded, with leave to the appellant to amend his bill, so as to remove these grounds of demurrer to the bill.

This opinion does not change the views expressed in the former opinion.

*Sustained.*