# M'Cormick Motor Car Co. *v.* McDonald.*

(Division B. March 18, 1929.)

[121 So. 121. No. 27698.]

410

*Corpus Juris-Cyc References:  Justices of the Peace, 35CJ, section 292, p. 664, n. 44; p. 665, n. 50.

*E. C. Fishel* and *W. F. Burdette,* for appellant.

*H. D. Young,* for appellant.

ETHRIDGE, P. J. The appellee executed to the appellant certain notes upon which suit was instituted in the justice of the peace court, being filed on November 26, 1927, and process was issued the same day, returnable December 5, 1927, the process being served on the 28th day of November, 1927. On December 5th neither party appeared in the justice court, and the justice of the peace ordered the case continued until December 12, 1927. On that day the plaintiff appeared, but the defendant failed to do so, and default judgment was taken and duly entered upon the docket of the justice of the peace. This judgment was enrolled in the office of the circuit clerk of the county, and on the 7th day of May, 1928, execution was issued on this judgment, and certain property levied on—upon which the wife of the defendant filed a claim-

ant's affidavit, to the effect that the property belonged to her, and not to the defendant.

The defendant appeared, and moved to quash the execution, which motion was overruled by the justice of the peace court, which court also dismissed the claimant's affidavit for failure to give security for the costs. An appeal was taken to the circuit court from the judgment of the justice court refusing to quash the execution, and on the hearing in the circuit court the execution was quashed, from which action of the circuit court this appeal is prosecuted.

It appears to have been the theory of the defendant in the circuit court that the judgment upon which execution was issued was void, because December 5, 1927, was not a regular day for the justice of the peace before whom suit was instituted to hold his court. It was agreed between the plaintiff and the defendant on the trial of the motion to quash the execution that December 5th was not a regular day for the holding of civil court by the justice of the peace before whom the suit was instituted, but that December 12th was one of his regular days for holding court.

By section 2384, Hemingway's Code of 1927 (section 2730 of the Code of 1906), it is provided that "any one desiring to sue before a justice of the peace shall lodge with him the evidence of debt, statement of account, or other written statement of the cause of action; and thereupon the justice of the peace shall issue a summons for the defendant, returnable to the next term of his court, which shall be executed five days before the return-day; but if the process be executed less than five days before the return-day, the service shall be good to require the appearance of the defendant at the term next succeeding the one to which it is returnable. Any summons issued within five days before a term of the court, shall be made returnable to the next succeeding term, unless a

shorter day be named in pursuance of the provision for a trial without delay in the case of nonresident or transient defendants.''

By section 2380, Hemingway's Code of 1927 (section 2726, Code of 1906), it is provided: ''Every justice of the peace shall keep a well-bound book, styled 'Docket,' in which he shall enter the names of the plaintiff and defendant in any suit brought before him and the character of the suit; the time of issuing process and when returnable, and a copy of the return made thereon by the officer; the time of filing the defendant's set-off, if any; the appearance or default of parties summoned to appear; the date and amount of the judgment; the execution when issued, and a copy of the return thereon; the appeal, when and by whom demanded, and all the proceedings before him touching the suit; and he shall make like entries of all proceedings of a criminal nature before him heard and determined. And it shall be the duty of a justice, when required, to furnish to either party a certified copy of such proceedings, and of all papers and process relating thereto.''

By section 2382, Hemingway's Code of 1927 (section 2728, Code of 1906), it is provided: ''Justices of the peace shall hold regular terms of their courts, at such times as they may appoint, not exceeding two and not less than one in every month, and at such convenient place in their district as they may designate; and they may continue to hold their courts from day to day so long as business may require; and all process shall be returnable, and all trials shall take place at such regular terms, except where it is otherwise provided; but where the defendant is a nonresident or transient person, and it shall be shown by the oath of either party that a delay of the trial until the regular term will be of material injury to him, it shall be lawful for the justice to have the parties brought before him at any reasonable time

and hear the evidence and give judgment. Such court shall be a court of record, with all the power incident to a court of record, including power to fine to the amount of fifty dollars and imprison one day for contempt of court.''

It will be seen from a careful reading of these statutes that the time and place of holding justice of the peace courts are not fixed by law, but by the justice of the peace, by an order entered upon his docket, it appearing that he has the power to fix the time and place of holding his court, and that he may change these times and places from time to time without giving notice to the public except by the docket entry of time and place of holding such court. It also provides for the hearing of certain cases of a civil nature at a reasonable and convenient time, where delay would unduly prejudice the rights of either party. There is nothing in the statute requiring the process to indicate on its face that the cause is an emergency cause. When a summons is issued to a defendant, therefore, to appear in a justice court at a certain place and on a given date, he is not authorized to disregard this summons, but should make inquiry as to the facts in reference to the suit. A summons to appear at a date other than the regular term, although irregular, is not void, and the defendant should appear at such time, if it is a future date. It is true, the statute says the process shall be returnable to and all trials shall take place at such regular terms when the case is not of exceptional nature, but this is an irregularity which the defendant might take advantage of by moving to continue to the regular term, or to a future regular term, but we do not think it renders the proceeding void. In other words, such a summons is not a void paper, and cannot be treated as a nullity.

When the day to which the summons was made returnable arrived, the justice of the peace did not undertake

to try the case, but continued it to a regular day. This, we think, is all that the defendant could have rightfully secured had he appeared and objected to the proceedings.

After the cause was continued to the regular term, the defendant failed to appear at that term. As this order of continuance was entered on the day on which he was summoned to appear, he must be treated as having had due notice of the continuance of the cause; and it was his duty to appear on the 12th of December if he desired to contest liability or to resist the judgment. The judgment and execution thereon appear to be regular and legal on the face of the papers, and are accompanied by a cost bill, as required by law. It was, therefore, error for the court to quash the execution.

It is contended by the appellee that the time for appeal and *certiorari* had passed, and that there could be no appeal from the motion to quash the execution without also appealing from the judgment upon which it was issued. We do not think this position is correct. The judgment could not be reviewed by appeal or *certiorari*, because both were barred, but if the judgment was absolutely void, an execution issued thereon could be quashed; but where it is merely irregular or voidable, and the time for *certiorari* has expired, the execution would not be quashed for irregularity in proceedings prior to the judgment.

In proper cases an execution can be quashed, although the judgment is valid and regular—for instance, where there is failure to attach a bill of costs to the execution, and for other reasons not necessary to be particularized. If a motion is made to quash in the justice court, the ruling and judgment thereon may be appealed from, in which case nothing but the question presented in the motion to quash is reviewed in the motion in the circuit court.

In the case before us, we think the circuit court was in error in quashing the execution, and the judgment in that court is reversed and the cause remanded.

*Reversed and remanded.*