## DULWEBBER *v.* YUSPEH.

(Division B. May 18, 1936. Suggestion of Error Overruled June 1, 1936.)

[168 So. 63. No. 32258.]

Osborn & Lott, of Greenwood, for appellant.

**Stone & Stone,** of Coffeeville, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant's decedent filed an action against appellee in the court of a justice of the peace for the recovery of damages in the sum of two hundred dollars. The case was set for trial by agreement of the parties on a day of a regular term of the justice court, to-wit, at 2 o'clock p. m., May 12, 1933. At that hour appellee, hereinafter to be called the defendant, and his attorney appeared and were ready for trial. The plaintiff in the action and his attorney had left their homes in ample time to reach the court at the hour mentioned, but because of a punctured automobile tire on the road, plaintiff was delayed in reaching the place of trial until 2:30 o'clock p. m. on said day.

About ten minutes past 2 o'clock, when plaintiff and his attorney had not yet arrived, the defendant moved for a dismissal of the action for want of prosecution, which motion was sustained, and the justice of the peace signed an order to that effect, and thereupon about 2:20 o'clock the defendant and his attorney left the court and went to the town of Grenada. About ten minutes thereafter, or about 2:30 o'clock p. m., as already mentioned, plaintiff and his attorney arrived and were then ready for trial, but were informed by the justice that an order of dismissal had a few minutes before been granted. When the accidental cause of the delay was explained to the justice, he stated his willingness to vacate the order, and hear the case, the session of the court not having adjourned; whereupon plaintiff's attorney immediately succeeded in reaching the attorney for the defendant at Grenada, eighteen miles distant, by telephone, explained the situation and requested the attorney for the defendant and his client to return, which request the defendant's attorney refused on the ground that the case had already been dismissed and that the court had no power to set aside or vacate that order. Upon this refusal, and in the same telephone conversa-

tion, plaintiff's attorney stated to the attorney for the defendant that the court, which was still in session, would be requested to vacate the order of dismissal and to set the case for trial at 2 p. m., June 6, 1933.

Upon a report to the court of this telephone conversation and the unsuccessful result thereof, the court sustained the motion of the plaintiff to recall or vacate the order of dismissal, and the case was set for trial for the hour and day last mentioned, to-wit, 2 p. m., June 6, 1933. On the latter day the attorney for the defendant appeared ''for the sole purpose of asking for a dismissal of the suit on account of the judgment of dismissal entered May 12, 1933, and claiming that the attempted setting aside of this judgment on same day was unlawful.'' The court overruled the contention of defendant, whereupon defendant's counsel withdrew from the court; following which action the court heard the case on the merits and the evidence in support thereof and rendered final judgment for the plaintiff in the amount sued for.

Within the six months allowed by law, defendant presented his petition for a writ of certiorari upon the grounds (1) that the action of the justice of the peace in setting aside the order of dismissal made on May 12, 1933, was unauthorized and void, and on the further ground (2), that the day on which the case was heard on the merits and final judgment rendered by the justice of the peace, was not one of the days fixed by the justice in a manner provided by law for the trial of civil cases, which, if true, would render the judgment invalid. The petition for certiorari was granted and bond given. Upon the hearing thereof in the circuit court, the court adjudged that the judgment of the justice of the peace on June 6, 1933, was void, and the plaintiff was taxed with the costs.

On the first point, the defendant argues that since a justice of the peace has no power to grant a new trial, for like reason he has no authority to set aside an or-

der of dismissal for want of prosecution, even though, as in this case, the court was still in the same session. It is enough to say in this case that although the order of dismissal had been written out and signed on May 12, 1933, it has not been entered on the docket, and, therefore, had not come into existence as a completed valid judgment when the plaintiff made his appearance and succeeded upon good grounds in getting the alleged judgment of dismissal vacated. Board of Supervisors v. Steele, 124 Miss. 340, 86 So. 810.

Upon the second point, there is nothing in this record to show that June 6, 1933, was not one of the days of a regular term of the court of the said justice of the peace. In a case such as this, the court of a justice of the peace is one of general jurisdiction, and every presumption is in favor of the validity of its judgments, including the presumption that the court acted at and within the proper time. 15 R. C. L., p. 876. Defendant's argument upon this point does not challenge the stated principle, but is based upon the fact that the docket used by the justice of the peace for 1933 does not show any entry of an order by the justice fixing the time or times for the holding of his courts; and defendant quotes and relies upon that part of the opinion of this court in McCormick Motor Car Co. v. McDonald, 153 Miss. 409, on page 414, 121 So. 121, 123, which appears as follows: ''It will be seen from a careful reading of these statutes that the time and place of holding justice of the peace courts are not fixed by law, but by the justice of the peace, by an order entered upon his docket, it appearing that he has the power to fix the time and place of holding his court, and that he may change these times and places from time to time without giving notice to the public except by the docket entry of time and place of holding such court.''

It is to be admitted that the quoted language is sufficiently broad to have led counsel and the trial court to the conclusion that the method stated in that quotation

is the only manner by which a justice of the peace may legally fix the time and places for the holding of his courts; but with equal frankness, it must be admitted that the quoted language was discussion and not decision, Crawford v. City of Meridian (Miss.), 165 So. 612, or that, at most, it was used in a directory rather than in a mandatory sense. What the court had in mind is the better and the customary way, not a mandatory or jurisdictional method. Instead of entries upon their dockets, some justices fix the time and places of their courts by publication in newspapers, some of them by public notice posted at a suitable place or places in their district, or at the county courthouse. So far as disclosed by this record, the justice of the peace in this case may have used some such other method; and since the Legislature had not prescribed a particular means as mandatory, we can do no more here than express our opinion as to the preferable method, which was done in the language above quoted; and we must at once disclaim the authority to make mandatory and exclusive the preferred method so expressed. That authority belongs alone to the legislative branch of the government, and does not rest with us.

It follows from what has been said that no invalidity is shown in the judgment of the justice of the peace, and it should have been affirmed by the circuit court; and the judgment which should have been rendered, will be rendered here.

Reversed, and judgment here for appellant.