KITCHENS *v.* STATE

No. 43618 October 11, 1965 179 So. 2d 13

*Lawrence D. Arrington*, Hattiesburg, for appellant.

*G. Garland Lyle, Jr.*, Asst. Atty. Gen., Jackson, for appellee.

LEE, C. J.

The appellant, W. W. "Monkey" Kitchens, was convicted and sentenced in the County Court, for the crime of unlawful possession of liquor; and he has appealed.

The State's evidence was to the effect that Richard S. Ruth, connected with the Alcohol Tax Unit of the Federal Government, and Deputy Sheriff C. O. Childress, Jr., of the County, with the permission of an informer, stationed themselves in the room of the informer in the old Negro Elks Club. This building was in the neighborhood of the airport and Palmer's Crossing, just outside the City of Hattiesburg. Ruth made his observation through a window and a small hole in the door of the building. He testified that about 9:00 o'clock in the evening of April 17, 1963, he saw a 1953 light colored Ford automobile drive alongside the building. He then observed a man, whose name he later learned to be Kitchens, get out of the car on the right side, unlock the trunk, and assist another person in moving twenty arti-

cles from the trunk into the trunk of another car alongside the club. The man then went into the club. These articles were each one gallon jugs of unpaid tax liquor or "moonshine". This liquor was intoxicating, and the contents of nineteen jugs were poured out. He identified the one gallon, retained for evidence, and the same was introduced before the jury.

Deputy Sheriff Childress testified that he was in a closet of the room into which Kitchens came. He was using a two-way mirror to look through a small hole in the door. He had known the defendant for a considerable period of time, saw him plainly for two or three minutes that evening, and was positive in his identification of the defendant.

The appellant contends that the court erred in overruling his plea in bar; and that the verdict of the jury is contrary to the law and the evidence.

The allegations of the plea in bar were to the effect that the appellant, on April 22, 1963, was tried before the justice of the peace of District 3 of Forrest County on a charge of possession of intoxicating liquor and was found not guilty. The plea was supported by the transcript of the record from the justice of the peace.

In answer to that contention, the State called, as a witness, R. C. Bradley, the justice of the peace of the district. This witness referred to his docket and showed that, at page 52, he had entered an adjudication which recited that the court found the defendant "not guilty and he is hereby discharged."

However, Bradley further testified that the defendant was never arraigned; that there were no returns on the warrant for his arrest; that he never appeared nor plead in the court; and that no evidence had been introduced in the case. The witness stated that he did not find the defendant not guilty and that he did not discharge him. He explained that he had a rubber stamp, which he used in dismissing cases; that the county at-

torney had asked him to dismiss the charge in the affidavit, which had been made by Deputy Sheriff Oubre; and that he entered this rubber stamp order on the record simply in order to get the case off his docket.

In other words, the evidence showed that the order of not guilty and discharge was wholly erroneous, and did not reflect the real and intended effect of the order.

 A justice of the peace court is a court of record. Miss. Code Ann. sec. 1810 (1956).

Courts of record "have an inherent power to correct clerical errors at any time, and to make the judgment entry correspond with the judgment rendered. This power exists in criminal prosecutions as well as in civil cases." Turner v. State, 212 Miss. 590, 55 So. 2d 228 (1951); Strickland v. Webb, 152 Miss. 421, 120 So. 168 (1929); Wilson v. Town of Handsboro, 99 Miss. 253, 54 So. 845 (1911), and the cases cited in those authorities.

 While the assignment of error does not allege that the verdict and judgment were against the overwhelming or great weight of the evidence, the Court has given thorough consideration to this phase of the case, noting the type of evidence and the clearness with which it has been detailed; and it is satisfied beyond all reasonable doubt that the evidence fully justified the jury in finding the appellant guilty of the charge.

Consequently, the judgment of the trial court is affirmed.

Affirmed.

*Gillespie, Brady, Patterson, and Inzer, JJ.,* concur.