KING, C.J.,
 

 for the Court.
 

 ¶ 1. On January 7, 2008, Jerome Whitaker filed a pro se motion for post-conviction relief to set aside his sentence. The motion was denied by the trial court. Aggrieved, Whitaker appeals and argues the following issues: (1) the trial court illegally revoked his probation; (2) the trial court erred by imposing a sentence that exceeded his original sentence; (3) the trial court erred by not appointing him counsel; and (4) Whitaker received ineffective assistance of counsel. We affirm the conviction and reverse the sentence of five years with two years suspended and three years to serve, followed by three years’ post-release supervision and remand for the trial court to correct.
 

 FACTS
 

 ¶ 2. On February 27, 2007, Whitaker pled guilty to failure to register as a sex offender. Whitaker was sentenced to five years in the custody of the Mississippi Department of Corrections (MDOC), with five years suspended, and five years’ post-release supervision. Whitaker was also ordered to pay supervision fees and court costs. Thereafter, Whitaker violated the terms of his probation. On October 17, 2007, the trial court conducted a probation revocation hearing.
 

 ¶ 3. During the revocation hearing, Patti Chandler, Whitaker’s current probation officer, testified that Whitaker committed the following probation violations: testing positive for drugs; having been arrested for numerous assault charges, disorderly conduct, and public intoxication; failing to report to scheduled probation meetings; failing to pay supervision fees and court costs; maintaining a residence with his brother who had an outstanding felony
 
 *328
 
 warrant; and maintaining residence in the State of Tennessee without proper authorization. At the conclusion of the revocation hearing, the trial judge ruled that Whitaker had violated the terms of his probation by engaging in injurious habits, associating with persons of disreputable character, having no suitable residence of record, and failing to pay supervision fees. The trial court revoked Whitaker’s probation and sentenced him to five years with two years suspended and three years to serve, followed by two years’ post-release supervision, all in the custody of the MDOC. Thereafter, Whitaker filed a pro se motion for post-conviction relief to have his original sentence reinstated. On March 14, 2008, the trial court denied Whitaker’s motion. Whitaker timely appeals.
 

 STANDARD OF REVIEW
 

 ¶ 4. A trial court’s denial of post-conviction relief will not be reversed, absent a finding that the trial court’s decision was clearly erroneous.
 
 Smith v. State,
 
 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). “However, where questions of law are raised the applicable standard of review is de novo.”
 
 Brown v. State,
 
 731 So.2d 595, 598(¶ 6) (Miss.1999).
 

 ANALYSIS
 

 I. Whether the trial court illegally revoked Whitaker’s probation.
 

 ¶ 5. Whitaker asserts that his probation was illegally revoked. Whitaker argues that his probation revocation was illegal because it was based solely on a positive urine test rather than the stated alleged violations. Whitaker contends that the State failed to prove any of the alleged violations. Whitaker also asserts that his revocation was illegal because the sentence he received on revocation was not his original sentence.
 

 ¶ 6. The procedure for probation revocation is outlined in Mississippi Code Annotated section 47-7-37 (Supp.2008). Section 47-7-37 provides, in part, that:
 

 At any time during the period of probation the court, or judge in vacation, may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the probationer to be arrested....
 

 [[Image here]]
 

 If the probationer is arrested in a circuit court district in the State of Mississippi other than that in which he was convicted, the probation and parole officer, upon the written request of the sentencing judge, shall furnish to the circuit court or the county court of the county in which the arrest is made, or to the judge of such court, a report concerning the probationer, and such court or the judge in vacation shall have authority, after a hearing, to continue or revoke all or any part of probation or all or any part of the suspension of sentence, and may in case of revocation proceed to deal with the case as if there had been no probation....
 

 [[Image here]]
 

 Any probationer who removes himself from the State of Mississippi without permission of the court placing him on probation, or the court to which jurisdiction has been transferred, shall be deemed and considered a fugitive from justice and shall be subject to extradition as now provided by law. No part of the time that one is on probation shall be considered as any part of the time that he shall be sentenced to serve.
 

 “[Probation may be revoked upon a showing that the defendant ‘more likely than not’ violated the terms of probation.”
 
 Metcalf v. State,
 
 904 So.2d 1222, 1225(¶ 10) (Miss.Ct.App.2004).
 

 
 *329
 
 ¶ 7. The order of revocation found that Whitaker had violated the terms of his post-release supervision by engaging in injurious habits, associating with persons of disreputable character, having no suitable residence of record, and failing to pay supervision fees. The appellate court’s record does not contain a copy of the affidavit that sets forth Whitaker’s probation violations.
 

 ¶ 8. However, during the revocation hearing, Whitaker’s probation officer testified that Whitaker had failed to report to his probation officer as required, failed to receive authorization to reside.in Tennessee while on probation, and resided in Tennessee with his brother, who had an outstanding warrant for burglary of an automobile. Officer Chandler also stated that Whitaker’s drug test indicated the presence of cocaine in his system. Whitaker denied that he was residing outside the State of Mississippi without authority; using alcoholic beverages and illegal narcotics in violation of the conditions of probation; having been arrested for assault, public intoxication, and disorderly conduct; residing in Memphis, Tennessee with his brother, who has an outstanding felony warrant; failing to report in March, April, May, June, July, September, and October 2007; and failing to pay supervision fees and court costs.
 

 ¶ 9. Whitaker testified that he had used marijuana one time since being placed on probation. In revoking Whitaker’s probation, the trial judge found that Whitaker had used drugs while on probation, had failed to pay supervision fees and court costs, and had resided with his brother who had an outstanding felony warrant.
 

 ¶ 10. Thus, we find that there was sufficient evidence presented to the trial court to establish Whitaker’s violation of his probation. Therefore, we affirm that the trial court’s decision to revoke Whitaker’s probation. This issue lacks merit.
 

 II. Whether the trial court erred by imposing a sentence that exceeded Whitaker’s original sentence.
 

 ¶ 11. Whitaker’s original sentence was for a term of five years in the custody of the MDOC, with all five years suspended, and five years’ post-release supervision. However, at the end of the revocation hearing, the trial judge stated his intent to revoke Whitaker’s probation and sentenced Whitaker to five years with two years suspended and three years to serve, followed by two years’ post-release supervision, all in the custody of the MDOC.
 

 ¶ 12. However, the actual revocation order sentenced Whitaker to five years with two years suspended and three years to serve, all in the custody of the MDOC, and included a handwritten addendum which stated that the “offender shall be placed on three years’ post-release supervision following his term of incarceration.” Pursuant to Mississippi Code Annotated section 47-7-34(1) (Rev.2004), “the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed.” Whitaker’s sentence as stated by the trial judge at the conclusion of the probation revocation hearing did not exceed the statutory maximum allowed under section 47-7-34(1). However, the handwritten addendum to the revocation order caused the new sentence to exceed the five-year maximum sentence. The State concedes that the handwritten addendum imposing three years’ post-release supervision, instead of two years, was a clerical error. Courts of record have inherent power to correct clerical errors in criminal prosecutions as well as civil actions.
 
 See Kitchens v. State,
 
 253 Miss. 734, 737, 179 So.2d 13, 14 (1965).
 
 *330
 
 The appropriate resolution of this matter is to remand this case to the trial court to correct the clerical error.
 

 ¶ 13. Whitaker claims that this new sentence subjected him to cruel and unusual punishment and to double jeopardy. “[D]ouble jeopardy is violated ‘only if the court attempts to administer a longer sentence than what was originally conferred upon the defendant.’ ”
 
 Leech v. State,
 
 994 So.2d 850, 856(¶ 26) (Miss.Ct.App.2008). Therefore, we affirm Whitaker’s conviction, reverse the sentence, and remand the case to the trial court to correct the sentencing order consistent with this opinion.
 

 III. Whether the trial court erred by not appointing Whitaker counsel for his revocation hearing.
 

 ¶ 14. Whitaker contends that the trial court erred by not appointing counsel to represent him during his probation revocation hearing. Because Whitaker failed to raise this issue before the trial court in his motion for post-conviction relief, this argument is proeedurally barred from our review.
 
 See Fannings v. State,
 
 997 So.2d 953, 963(¶ 35) (Miss.Ct.App.2008).
 

 IV. Whether Whitaker received ineffective assistance of counsel.
 

 ¶ 15. Whitaker argues that he received ineffective assistance of counsel which resulted in prejudice to his defense. Whitaker claims that his former defense counsel failed to inform the trial court that Whitaker had registered as a sex offender in Tennessee and Mississippi. Whitaker failed to raise this issue in his motion for post-conviction relief before the trial court; therefore, he raises this issue for the first time on appeal.
 
 Smith v. State,
 
 729 So.2d 1191, 1201 (¶ 38) (Miss.1998). This Court notes that it takes only one violation to serve as a basis for revocation. The trial court found several violations: engaging in drug use while on probation, failing to pay supervision fees and court costs, and residing with and associating his brother who had an outstanding warrant for burglary of an automobile. Therefore, this issue is without merit.
 

 CONCLUSION
 

 ¶ 16. Whitaker’s probation was lawfully revoked as the State presented sufficient evidence that Whitaker violated the terms of his probation. The trial court did not abuse its discretion in sentencing Whitaker as his sentence does not exceed the maximum sentence allowed by statute. We find that the handwritten addendum was merely a clerical error that can be corrected by the trial court on remand. Because Whitaker failed to raise the issues of failure to appoint counsel and ineffective assistance of counsel at the trial court level, he is proeedurally barred from raising them now on appeal. The conviction of the trial court is affirmed; the sentence is reversed; and the case is remanded for the trial court to correct the sentencing order.
 

 ¶ 17. THE JUDGMENT OF THE MARSHALL COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARSHALL COUNTY.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.