# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-00156-COA

**CEDRIC BROWN A/K/A CEDRICK BROWN**                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                        **APPELLEE**

DATE OF JUDGMENT:            01/13/2014
TRIAL JUDGE:                 HON. ALBERT B. SMITH III
COURT FROM WHICH APPEALED:   BOLIVAR COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      OFFICE OF STATE PUBLIC DEFENDER
                             BY: JUSTIN TAYLOR COOK
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: LAURA HOGAN TEDDER
DISTRICT ATTORNEY:           BRENDA FAY MITCHELL
NATURE OF THE CASE:          CRIMINAL - FELONY
TRIAL COURT DISPOSITION:     CONVICTED OF COUNT I, BURGLARY OF
                             A DWELLING, AND COUNT II, SIMPLE
                             DOMESTIC VIOLENCE, AND SENTENCED
                             ON COUNT I TO FIFTEEN YEARS,
                             FOLLOWED BY FIVE YEARS OF POST-
                             RELEASE SUPERVISION, AND
                             SENTENCED ON COUNT II TO SIX
                             MONTHS, WITH THE SENTENCES TO
                             RUN CONCURRENTLY, AND ORDERED
                             TO PAY A $500 FINE ON COUNT II
DISPOSITION:                 AFFIRMED AND REMANDED - 06/16/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., ROBERTS AND MAXWELL, JJ.**

**ROBERTS, J., FOR THE COURT:**

¶1.     Following a jury trial in the Bolivar County Circuit Court, Cedric Brown, aka Cedrick

Brown, was convicted of one count of burglary of a dwelling and one count of simple

domestic violence. On appeal, Brown's counsel filed a *Lindsey* brief, submitting that he could not find any appealable issues.[1] After our review of the record, we find that there is no reversible error; however, we do find clerical errors related to Brown's sentence. We affirm Brown's conviction, and we remand for the circuit court to correct these clerical errors.

## FACTS AND PROCEDURAL HISTORY

¶2.     On September 25, 2012, a grand jury indicted Brown on one count of burglary with the intent to commit the crime of assault, and one count of simple domestic violence. The incident serving as the basis for the indictment was that at approximately 2:30 a.m. on January 7, 2012, Brown kicked in the door of a former girlfriend's apartment to retrieve his clothes. Brown then struck her in the face, bloodying her nose and causing swelling. Brown elected to go to trial, which began on November 18, 2013, and ended the following day. The jury convicted Brown as he was charged in his indictment, and he was sentenced on January 13, 2014, to serve fifteen years in the custody of the Mississippi Department of Corrections (MDOC) and five years of post-release supervision, on the burglary conviction. He was also sentenced to six months in the custody of the MDOC on the simple-domestic-violence conviction, which would run concurrently to his fifteen-year sentence. Brown was ordered to pay a $500 fine.

¶3.     Brown filed post-trial motions, which the circuit court denied on January 28, 2014. Brown now appeals. Brown's counsel has submitted a *Lindsey* brief explaining that he could

---

[1] *See Lindsey v. State*, 939 So. 2d 743 (Miss. 2005).

not identify any appealable issues.

## ANALYSIS

¶4.    In *Lindsey v. State*, 939 So. 2d 743, 748 (¶18) (Miss. 2005), the Mississippi Supreme Court provided the "procedure to govern cases where appellate counsel represents an indigent criminal defendant and does not believe his . . . client's case presents any arguable issues on appeal[.]"  First, appellate counsel "must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-(4), (7)[.]" *Lindsey*, 939 So. 2d at 748 (¶18).  Second,

> [a]s a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

*Id.*  Third, appellate counsel must "send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief." *Id.*  Next, "[s]hould the defendant then raise any arguable issue[,] or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal." *Id.*  And lastly, "the appellate court must consider the case on its merits and render a decision." *Id.*

¶5.    Brown's counsel has submitted a *Lindsey* brief consistent with the procedure outlined

3

above, and Brown has not filed a pro se brief in this appeal. This Court has independently reviewed the record and concluded that there is no error regarding Brown's conviction. However, during our review of the record, we did identify a particularly serious clerical error in Brown's sentencing judgment and commitment form that must be remedied.

¶6. Brown was not indicted as a habitual offender, and we can find nowhere in the record where the State sought to amend Brown's indictment to allege a habitual-offender status. The first mention that Brown had prior convictions was at his sentencing hearing when the circuit court noted that Brown had two prior sale-of-cocaine convictions and three simple-assault convictions. The State responded that "it [has] been to [Brown's] benefit that the State did not find out about the prior convictions. Because he could have been a habitual . . . ." There were no documents presented at Brown's sentencing hearing regarding any prior convictions. However, with no evidence of Brown's habitual-offender status, Brown's sentencing order clearly states that Brown was sentenced as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Supp. 2014). Further, Brown's commitment form also indicates that Brown is classified as a habitual offender pursuant to section 99-19-81. This is in error, as there has been no evidence to support such a classification, and we remand for the circuit court to correct this error.

¶7. Further, we identified another clerical error with Brown's sentence related to his simple-domestic-violence conviction. Mississippi Code Annotated section 97-3-7(3)(a)(i) (Rev. 2014) (emphasis added) provides that a conviction of simple domestic violence is punishable "by a fine of not more than Five Hundred Dollars ($500.00) or by imprisonment

4

in the *county jail* for not more than six (6) months, or both." Brown was sentenced to six months in the custody of the MDOC for the misdemeanor of simple domestic violence; however, MDOC facilities are designated for persons convicted of felonies, not misdemeanors. *See* Miss. Code Ann. § 47-5-3 (Rev. 2011). Brown's sentence for this misdemeanor should have reflected that his imprisonment would be in the county jail and not under MDOC supervision. We find Brown's sentence of six months in MDOC custody for his simple-domestic-violence conviction was a clerical error, and we remand for the circuit court to correct the error.

¶8. "Courts of record have inherent power to correct clerical errors in criminal prosecutions as well as civil actions." *Whitaker v. State*, 22 So. 3d 326, 329 (¶12) (Miss. Ct. App. 2009). Therefore, we affirm Brown's conviction, but remand this case to the circuit court to correct the clerical errors related to Brown's sentence, as outlined in this opinion.

¶9. **THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, BURGLARY OF A DWELLING, AND COUNT II, SIMPLE DOMESTIC VIOLENCE, AND SENTENCE ON COUNT I OF FIFTEEN YEARS, FOLLOWED BY FIVE YEARS OF POST-RELEASE SUPERVISION, AND SENTENCE ON COUNT II OF SIX MONTHS, WITH THE SENTENCES TO RUN CONCURRENTLY, AND TO PAY A $500 FINE ON COUNT II, IS AFFIRMED, AND THIS CASE IS REMANDED FOR CORRECTION OF THE SENTENCING ORDER. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**